474 A.2d 1365

**Theodore E. POTTER**

v.

**BETHESDA FIRE DEPARTMENT, INC., et al.**

**No. 1296, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

May 15, 1984.

Joseph F. McBride, Silver Spring, for appellant.

Joseph M. Mott, Asst. County Atty. for Montgomery County, with whom were Paul A. McGuckian, County Atty. for Montgomery County and Clyde H. Sorrell, Sr. Asst. County Atty., for Montgomery County on the brief, for appellees, Bethesda Fire Dept., Inc. and Montgomery County, Maryland.

Richard W. Galiher, Jr. and Galiher, Clarke & Galiher, Rockville, on the brief for appellees, Bethesda Fire Dept., Inc. and Ins. Co. of North America.

Argued before WEANT, GARRITY and ALPERT, JJ.

ALPERT, Judge.

Maryland Ann.Code, art. 101, § 33(c) (1979 Repl.Vol., 1983 Cum.Supp.) provides for a set off whenever state or municipal disability benefits exceed those benefits available under the Workmen's Compensation Act. We have stated previously that § 33 "attempts to prevent double payment from the public treasury to civil servants for an injury arising out of the employment relationship by providing that government employees covered by both a pension plan and worker's compensation are entitled to but a single recovery for a single injury." *Tsottles v. Mayor and City Council of Baltimore*, 55 Md.App. 58, 59, 460 A.2d 636 (1983). Maryland's appellate courts have had numerous opportunities to apply this statement of public policy to various factual permutations.[1] This case presents yet another opportunity.

---

1. *Frank v. Baltimore County*, 284 Md. 655, 399 A.2d 250 (1979) (set off appropriate where Baltimore County policeman had made contribution to disability pension received by County); *Feissner v. Prince George's County*, 282 Md. 413, 384 A.2d 742 (1978) (set off appropriate where pension benefits exceeded workmen's compensation benefits,

Thomas E. Potter, appellant, worked as a firefighter for the Bethesda Fire Department, Incorporated, appellee. On January 24, 1978, appellant sustained a work related injury to his back. He filed a claim and was determined by the Workmen's Compensation Commission of Maryland to have suffered a compensable injury. As a result, appellant received medical expenses and temporary total disability benefits from the Insurance Company of North America, appellee.

Thereafter, appellant remained in the employ of the Fire Department, but continued to have difficulties with his back. On August 20, 1980, in the course of Fire Department work, appellant reinjured his back. A second claim was filed. Appellant retired from the Fire Department on December 31, 1981.

Both claims were heard by a Workmen's Compensation Commissioner on July 16, 1982. At this hearing, appellees raised the issue of their entitlement to a § 33 set off based on disability retirement payments of approximately $1600 per month already being paid to appellant by Montgomery County. Testimony revealed that the Fire Department was fully financed by Montgomery County and that appellant's disability retirement payments exceeded any benefits he was eligible for under § 33. The Commissioner found that appellant had suffered two job related injuries and directed that the Insurance Company of North America, appellee, pay 20% of the disability for that portion of the injury

---

thus there was no compensation fund on which statutory attorney's lien could attach); *Mazor v. Department of Corrections,* 279 Md. 355, 369 A.2d 82 (1977) (set off provisions apply to the insurer as well as the state employer); *Tsottles v. Mayor and City Council of Baltimore,* 55 Md.App. 58, 460 A.2d 636 (1983) (set off appropriate where Baltimore City school teacher received State disability retirement benefits in addition to workmen's compensation benefits from Baltimore City, his employer-insurer); *Nooe v. Mayor and City Council of Baltimore,* 28 Md.App. 348, 345 A.2d 134, *cert. denied,* 276 Md. 748 (1975) (set off appropriate where Baltimore City policeman received disability pension benefits from City in addition to workmen's compensation benefits). *Cf. Oros v. Mayor and City Council of Baltimore,* 56 Md.App. 685, 468 A.2d 693 (1983) (set off provision not applicable to payment of wage-loss benefits and earning capacity impairment benefit).

attributable to the August 20, 1980 injury, and that Montgomery County t/a the Bethesda Fire Department, Inc., Self-Insured, appellee, pay 50% of the disability. Appellees' request for the § 33 set off was denied.

Unsatisfied by this outcome, appellees appealed the Commissioner's ruling to the Circuit Court for Montgomery County and subsequently filed motions for partial summary judgment on the issue of their entitlement to a § 33 set off. The matter came on for hearing on August 17, 1983 before Judge Stanley B. Frosh. Following the submission of briefs and oral argument, Judge Frosh entered partial summary judgment granting appellees the set off refused by the Commissioner. Pursuant to Maryland Rule 605(a), the circuit court certified that this aspect of the case was a final judgment. Disgruntled by this turnabout, appellant noted this appeal.

Maryland Ann.Code, art. 101, § 33(c) (1979 Repl.Vol., 1983 Cum.Supp.) states, in pertinent part, that:

> Whenever by statute, charter, ordinances, resolution, regulation or policy adopted thereunder, whether as part of a pension system or otherwise, any benefit or benefits are furnished employees of employers covered under § 21(a)(2) of this article, ... the benefit or benefits when furnished by the employer shall satisfy and discharge pro tanto or in full as the case may be, the liability or obligation of the employer and the Subsequent Injury Fund for any benefit under this article.

Section 21(a)(2) denotes those employers subject to Maryland's Workmen's Compensation Act. They include:

> The State, any agency thereof, and each county, city, town, township, incorporated village, school district, sewer district, drainage district, public or *quasi-public corporation,* or any other political subdivision of the State that has one or more employees subject to this act.

(Emphasis supplied.)

Appellant asserts that the circuit court erroneously permitted appellees the set off allowed for in § 33 because his

employer, the Bethesda Fire Department, is a private corporation and not one of the § 21(a)(2) employers covered by the Act. Appellees contend that the Bethesda Fire Department is a quasi-public corporation, an entity within the definition of § 21(a)(2). Hence, appellees respond that Montgomery County's payment of appellant's pension benefits discharges appellees' obligation to pay Workmen's Compensation benefits. A plain reading of the relevant statutes, a review of the definition of a quasi-public corporation, and our observance of the clear public policy against double dipping by government (or quasi-government) workers mandates our affirmance of the judgment entered below.

The Montgomery County Council has authorized the establishment of comprehensive insurance and self-insurance programs "in cooperation with the employees or any portion thereof in any office, agency, or branch of the government of the county and with paid *employees of quasi-public corporations engaged in the performance of governmental functions, such as fire departments....*" Montgomery County Code § 20–37(b) (1972, 1977 Repl.Vol., 1981 Cum.Supp.) (emphasis supplied). Thus, Montgomery County has recognized the County fire departments as quasi-public corporations—an employer included in Maryland's Workmen's Compensation Act. See, Md.Ann.Code, art. 101, § 21(a)(2), *supra.*

The County's self-labelling of their fire departments as quasi-public corporations, however, does not end our analysis. We must examine whether the fire departments, in fact, function as quasi-public corporations.

The term "quasi-public corporation" is not defined in the Workmen's Compensation Act and there has not been a Maryland appellate decision construing the term for over 150 years. The definitions stated by our sister states have not always been precise. We therefore turn to the relevant treatises for guidance.

> The term 'quasi-public corporation' has been applied, ... without sharp distinction to, (a) public service corpora-

tions operating under private corporation laws and as private corporations, and (b) those which organically are 'quasi-public,' as well as partially public in their ends and purposes. Undiscriminating use of the term has continued too long to make it possible now in a treatise to align them accurately into these distinctive classes, except as follows. A 'quasi-corporation' is what this term implies, treated hereafter, and not to be confused with 'quasi-public corporation,' which implies a corporation but regards it as 'quasi-public.' The fact that the public is interested in the objects of a corporation does not determine its character as quasi-public or private. Quasi-public corporations may be formed in some states by special act, though it is forbidden as to ordinary private corporations.

Quasi-public corporations have been defined as private corporations which have accepted from the state the grant of a franchise or contract involving the performance of public duties. A quasi-public or public service corporation has been defined also as one private in its ownership but having an appropriate franchise from the state to provide for a necessity or convenience of the general public incapable of being furnished through the ordinary channels of private competitive business, and dependent for its exercise upon eminent domain or some agency of government.

1 Fletcher, *Cyclopedia of the Law of Private Corporations* § 63 at 601–02 (Perm.Ed.1983) (footnotes omitted).

A quasi-public or quasi-municipal corporation has also been defined as a corporation

created or authorized by the legislature which is merely a public agency endowed with such of the attributes of a municipality as may be necessary in the performance of its limited objective. In other words, a quasi-municipal corporation is a public agency created or authorized by the legislature to aid the state in, or to take charge of, some public or state work, other than community government, for the general welfare. 'Quasi-municipal' corporations are public in nature, but not, strictly speaking,

municipal corporations. They are bodies which possess a limited number of corporate powers and which are low down in the scale or grade of corporate existence, and consist of various local government areas established to aid the administration of public functions.

1 McQuillen, *The Law of Municipal Corporations,* § 2.13 at 151 (3d ed. 1971) (footnotes omitted).

In 1827, the High Court of Chancery of Maryland[2] stated that a quasi-public corporation possesses the attributes of both public and private corporations in that it is "concern[ed] with some of the expensive duties of the State, the trouble and charge of which are undertaken and defrayed by them, in consideration of a certain emolument allowed and secured to their members." *McKim v. Odom,* 3 Bland [407] 402, 419 (Md.High Ct. of Chancery 1827).

■ From these resources, we are able to identify the characteristics of a quasi-public corporation. A quasi-public corporation must be private in ownership. It must enjoy privileges not bestowed upon the general public because of the benefits such a corporation confers to the public. Lastly, a quasi-public corporation must provide a service necessary to the general welfare of the public. *See, Attorney General v. Haverhill Gaslight Co.,* 101 N.E. 1061, 1063, 215 Mass. 394 (1913); *Newcomb v. Boston Protective Dep't,* 151 Mass. 215, 24 N.E. 39, 39–40 (1890); *Wilentz v. Hendrickson,* 33 A.2d 366, 385 (N.J.Ch.1943); *Philadelphia Rural Trust Co. v. City of Philadelphia,* 309 Pa. 84, 159 A. 861, 863 (1932). Further discussion of the concept of quasi-public corporations may be found in 18 Am.Jur.2d *Corporations* § 9 at 555–56 (1965) (1983 Cum.Supp.) and 18 C.J.S. *Corporations* § 18 at 396–98 (1935) (1983 Cum.Supp.). A delineation of those organizations held to be quasi-public corporations may be found in 35A *Words and Phrases,*

---

**2.** For a historical summary of equity courts of Maryland, *see,* H. Ginsberg, *Equity Jurisprudence and Procedure in Maryland* 235–36 (1928).

"Quasi-Public Corporation," at 488–94 (1963, 1983 Cum. Supp.).

■ We now apply the criteria we have explained to the facts presented by the case *sub judice.* At a hearing before a Workmen's Compensation Commissioner, Leonard Schoenberger, an employee of the Fire Department, testified that the Bethesda Fire Department is a private corporation funded solely by Montgomery County. The Bethesda Fire Department has been granted certain privileges by the County Council in exchange for its performance of emergency services. For instance, a director of fire and rescue services and his representatives are authorized to enter buildings without consent where necessary to perform the duties outlined in the Fire Safety Code. *See,* Montgomery County Code, § 22–7 (1972, 1977 Repl.Vol., 1981 Cum. Supp.). It is elementary that a fire department provides a service essential to the general public's welfare. In sum, the Bethesda Fire Department is a private organization funded by taxpayer's money to perform a public service. It is not entirely a private venture; it is not a public agency; it is an amalgamation of these two concepts. Indeed, this case illustrates that when the Montgomery County Council used the words quasi-public corporation to describe the county fire departments, it meant that the county fire departments were quasi-public corporations within the ambit of Md.Ann.Code, art. 101, § 21(a)(2), *supra.* Accordingly, § 33 mandates that appellees receive a set off of workmen's compensation from those retirement benefits received by appellant.

This result is consistent with the "legislature's intention to minimize the burden on the public treasury that would result from providing duplicate benefits to public employees." *Frank v. Baltimore County,* 284 Md. at 661, 399 A.2d 250. Appellant receives disability retirement benefits from Montgomery County. He seeks workmen's compensation from the Bethesda Fire Department, a quasi-public corporation funded by Montgomery County. It is undisput-

ed that appellant's disability retirement benefits exceed those eligible from workmen's compensation. Maryland law, through § 33, precludes the receipt of such duplicate benefits. Accordingly, appellees were entitled to summary judgment as a matter of law. Maryland Rule 610.

JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.