JOHN P. BIRO, PERSONAL REPRESENTATIVE OF THE ESTATE OF JOHN MICHAEL BIRO *v.* ROBERT L. SCHOMBERT, CONSERVATOR OF RICHARD L. SCHOMBERT

[No. 47, September Term, 1979.]

*Decided June 7, 1979.*

The cause was submitted to MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, ORTH, COLE and DAVIDSON, JJ.

Submitted by *Ferdinand J. Mack* for appellant.

Submitted by *Hugh E. Donovan* for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

On December 23, 1976, John M. Biro, while driving his automobile on a highway in Montgomery County, Maryland, was killed in a head-on collision with another car. There was no indication of any conscious pain and suffering before he died. At the time Mr. Biro was twenty years old, had no wife or children, resided with his parents in Montgomery County and earned $100.00 per week as an electronic technician. His father was appointed personal representative of his estate.

The present action began when John Biro's parents filed in the Circuit Court for Montgomery County a two-count declaration against Robert L. Schombert, the conservator of the estate of Richard Schombert who had operated the other automobile involved in the collision. Count I of the declaration asserted a cause of action under the Wrongful Death Statute, Maryland Code (1974), §§ 3-901 — 3-904 of the Courts and Judicial Proceedings Article. In Count II of the declaration, John Biro's father, as personal representative, brought a survival action under Code (1974), § 7-401 (x) of the Estates and Trusts Article.[1] The damages claimed under Count II

---

[1]. For discussions of the differences between a wrongful death action and one brought by a personal representative, *see* Smith v. Gray Concrete Pipe Co., 267 Md. 149, 297 A. 2d 721 (1972); Stewart v. United Elec. L. & P. Co., 104 Md. 332, 65 A. 49 (1906).

were for funeral and burial expenses and for the loss to the decedent's estate of the future income that the decedent would have earned had he survived less probable future expenses.

Following some discovery, the defendant moved for partial summary judgment with regard to Count I and one of the damage items in Count II. Concerning Count I, the defendant argued that no cause of action under the wrongful death statute existed. As to Count II, the defendant took the position that damages for future earnings which the decedent could have expected if he had lived, less probable expenditures, were not recoverable in a personal representative's action under § 7-401 (x) of the Estates and Trusts Article. The circuit court denied the motion for partial summary judgment insofar as it related to Count I. However, the circuit court granted the motion as to the second count, agreeing with the defendant's argument concerning recoverable damages. The court entered a "summary judgment . . . in favor of . . . Robert L. Schombert . . . limiting recovery" by the personal representative to funeral expenses. The court also certified "that there is no just reason for delay of the entry of this judgment, and the Clerk shall enter this as a final judgment in accordance with Rule 605, Maryland Rules of Procedure." There has in this case been no determination of the defendant's liability for funeral expenses and, if liable, no determination of the correctness of the amount claimed.[2]

The plaintiffs then took an appeal from the entry of the partial summary judgment. Although neither party apparently raised the matter, the Court of Special Appeals held that the trial judge's determination of no just reason for delay, and his express direction for entry of a final judgment with respect to one of the items of damages claimed under Count II, was sufficient under Maryland Rule 605 a to make the judgment final and appealable. The Court of Special Appeals went on to affirm. *Biro v. Schombert,* 41 Md. App. 658, 398 A. 2d 519 (1979).

---

2. The statute places a $2,000.00 limit upon the amount of funeral expenses recoverable. The amount claimed in Count II was $1,773.81, which was, of course, under the statutory maximum.

The plaintiffs filed in this Court a petition for a writ of certiorari, raising only the question of "whether in a survival action brought pursuant to . . . [§ 7-401 of the Estates and Trusts Article] a decedent's personal representative may recover for damages to the estate, based upon the loss to decedent's estate of the savings that would have accumulated over the decedent's lifetime." The defendant did not file an answer or cross-petition for a writ of certiorari. Consequently, neither side has questioned the jurisdiction of the Court of Special Appeals to review the judgment in this case. However, for reasons set forth below, we believe that the Court of Special Appeals lacked jurisdiction to entertain the appeal. Therefore we have issued a writ of certiorari, and, without considering the merits of the question presented by petitioner, we shall vacate the judgment of the Court of Special Appeals and remand the case to that court with directions to dismiss the appeal.

The apparent acquiescence of the parties to the exercise of appellate jurisdiction by the Court of Special Appeals does not enable us to overlook the matter. As we stated in *Eastgate Associates v. Apper,* 276 Md. 698, 700-701, 350 A. 2d 661 (1976): "The jurisdiction of this Court, and the Court of Special Appeals, is determined by constitutional provisions, statutory provisions and rules; jurisdiction cannot be conferred by consent of the parties." Consequently, "this Court will dismiss an appeal *sua sponte* when it notices that appellate jurisdiction is lacking." *Smith v. Taylor,* 285 Md. 143, 400 A. 2d 1130 (1979). *See* Rule 835 a 1. Similarly, where the Court of Special Appeals has entertained an appeal without having jurisdiction to do so, and the case is timely brought to our attention (such as by a petition for a writ of certiorari dealing with the merits of the appeal), we will issue a writ of certiorari and *sua sponte* consider the jurisdiction of the intermediate appellate court. *Eastgate Associates v. Apper, supra. See also Liberty Mut. Ins. Co. v. Wetzel,* 424 U. S. 737, 740, 96 S. Ct. 1202, 1204, 47 L.Ed.2d 435 (1976) ("Though neither party has questioned the jurisdiction of the Court of Appeals to entertain the appeal, we are obligated to do so on our own motion if a question thereto exists.")

The Court of Special Appeals, with certain exceptions not here pertinent, has jurisdiction only over appeals from *final* judgments. Code (1974), § 12-301 of the Courts and Judicial Proceedings Article; *Eastgate Associates v. Apper, supra,* 276 Md. at 701, and cases there cited. Since Count I and the matter of funeral expenses sought under Count II of the declaration are still pending before the trial court, the partial summary judgment with respect to the other damages sought in Count II can only be "final," and thus appealable, by virtue of Rule 605 a. *Diener Enterprises v. Miller,* 266 Md. 551, 553-554, 295 A. 2d 470 (1972).

Rule 605 a provides:

> "Where more than one *claim for relief* is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, *the court may direct the entry of a final judgment upon one or more but less than all of the claims* only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." (Emphasis supplied.)

As clearly indicated by the above language, a trial court is authorized to enter a final appealable judgment under the rule only where there are multiple claims and the judgment disposes of at least one of those claims. An order which disposes of only part of a single claim cannot be made final under Rule 605 a. *Diener Enterprises v. Miller, supra,* 266 Md. at 554-556; *Harford Sands, Inc. v. Levitt & Sons,* 27 Md. App. 702, 343 A. 2d 544, *cert. denied,* 276 Md. 744 (1975). Although two separate claims were asserted in the instant case, namely the wrongful death claim in Count I and the personal representative's claim in Count II, the circuit court's order did

not dispose of either of these claims. Instead, it disposed of only part of the claim made in Count II.

Judge McWilliams for this Court, in *Suitland Dev. v. Merchants Mort.,* 254 Md. 43, 54, 254 A. 2d 359 (1969), stated that a "claim" under Rule 605 a must at least be a complete cause of action. Moreover, as indicated by Judge Digges for the Court in *Diener Enterprises v. Miller, supra,* 266 Md. at 556-557, different legal theories for the same recovery based upon the same facts or transaction do not give rise to separate "claims" under the rule. *See also Liberty Mut. Ins. Co. v. Wetzel, supra,* 424 U. S. at 743-744; *Sears, Roebuck & Co. v. Mackey,* 351 U. S. 427, 437, 76 S. Ct. 895, 900, 100 L. Ed. 1297 (1956). In the case at bar, the second count of the declaration set forth only one cause of action, the personal representative's cause of action created by § 7-401 (x) of the Estates and Trusts Article of the Code, which was based upon one matter or transaction. The partial summary judgment decided only one of the two items of damages sought in the personal representative's action. The cases make it clear that such a decision does not dispose of a "claim for relief" and thus cannot be made final under the rule.

This Court in the *Diener Enterprises* case pointed out that Rule 605 a "was modeled after Rule 54 (b) of the Federal Rules of Civil Procedure and uses substantially the same language. This renders interpretations of the federal rule especially persuasive as to the meaning of the Maryland Rule." 266 Md. at 554.

In *RePass v. Vreeland,* 357 F. 2d 801 (3d Cir. 1966), the plaintiff sued two attorneys for malpractice, alleging in a three-count declaration that the defendants had negligently allowed the period of limitations to expire with regard to a proposed suit the defendants were handling for the plaintiff and that they had negligently failed to inform him that the period of limitations would expire. Prior to trial, the defendants moved for a partial summary judgment on the ground that the plaintiff had suffered no loss from the expiration of the period of limitations with regard to his proposed suit. This motion did not address plaintiff's contention that he had been induced to spend unnecessary

legal fees. The trial court granted the motion and " 'pursuant to Rule 54 (b)' " the court entered final judgment on the issue of law " 'since this disposition of the case . . . for all practical purposes eliminate[s] from the trial *plaintiff's major damage claim.*' " 357 F. 2d at 803. An appeal to the United States Court of Appeals for the Third Circuit followed. That court stated that the plaintiff's suit was based on a single cause of action, negligence in handling plaintiff's proposed suit, and that the trial court by its order had eliminated only one of the elements of damages resulting from the defendants' alleged negligence but did not deal with plaintiff's allegation regarding the expenditure of legal fees. Therefore, the United States Court of Appeals concluded that under Rule 54 (b) the trial court's decision was not appealable, since the single claim presented in the case had not been fully decided.

In *Marino v. Nevitt,* 311 F. 2d 406 (3d Cir. 1963), the plaintiff had alleged that the defendant had defrauded him of his interest in three separate contracts. On motion of the defendant, the trial court dismissed the allegations with regard to two of the contracts. The United States Court of Appeals held that this action of the trial court could not be appealed under Rule 54 (b), since "[t]he complaint in this action, and the amendment thereto, state a single claim comprised of several elements of damage. The effect of the court's decision was to eliminate two of these elements as 'not supportable or provable as a matter of law.' The decision was a partial adjudication and therefore lacked the finality prerequisite to the right of appeal." 311 F. 2d at 408.

The Court of Special Appeals in *Harford Sands, Inc. v. Levitt & Sons, supra,* 27 Md. App. at 709, upon reviewing the federal cases, and particularly the *Vreeland* and *Marino* cases as discussed above, concluded:

> "The cases make clear that an order which merely decides whether an item of damages can be recovered, but does not decide the entire cause of action, is not a 'final judgment upon' a 'claim for relief,' and therefore an appeal from such an order will not lie."

*Accord, International Controls Corp. v. Vesco,* 535 F. 2d 742, 748 (2d Cir. 1976), *cert. denied,* 434 U. S. 1014, 98 S. Ct. 730, 54 L.Ed.2d 758 (1978) ("the [trial] court may utilize its Rule 54 (b) powers with respect to a given claim only if all damages stemming from that claim have been fixed"); *Cinerama, Inc. v. Sweet Music, S.A.,* 482 F. 2d 66, 69 (2d Cir. 1973); *Aetna Casualty & Surety Company v. Giesow,* 412 F. 2d 468, 470 (2d Cir. 1969); *Henderson v. Hassur,* 1 Kan.App.2d 103, 562 P. 2d 108, 113 (1977) (involving a state rule patterned after Rule 54 (b)).

The "partial summary judgment" entered by the circuit court in this case did no more than preclude one of the two elements of damages sought in the personal representative's claim asserted in Count II. The order did not dispose of the personal representative's entire claim. Consequently, the circuit court had no authority to make its decision final and appealable under Rule 605 a, and the Court of Special Appeals had no authority to hear the appeal on its merits.

> *Judgment of the Court of Special Appeals vacated, and case remanded to that court with instructions to dismiss the petitioner's appeal.*
> *Petitioner to pay costs.*