487 A.2d 288

**Theodore E. POTTER**

v.

**BETHESDA FIRE DEPARTMENT, INC. et al.**

No. 101, Sept. Term, 1984.

Court of Appeals of Maryland.

Feb. 5, 1985.

---

1. See *Talbott Lumber Co. v. Tymann,* 48 Md.App. 647, 428 A.2d 1229 (1981), for discussion relative to bona fide purchasers.

Joseph F. McBride, Silver Spring, (Joseph F. McBride, P.A., Silver Spring, on the brief), for appellant.

Joseph M. Mott, Asst. County Atty., Rockville (Paul A. McGuckian, County Atty. and Clyde H. Sorrell, Sr., Asst. County Atty. and Richard W. Galiher, Jr. and Galiher, Clarke & Galiher, Rockville, on the brief), for appellee.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and JAMES C. MORTON, Jr., Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

SMITH, Judge.

We are obliged to remand this case to the Court of Special Appeals to dismiss the appeal since it was without jurisdiction.

Appellant, Theodore E. Potter, was a salaried firefighter employed by Bethesda Fire Department, Inc. He filed a claim with the Workmen's Compensation Commission as a result of injuries sustained by him. Appellee, Insurance Company of North America, was the insurer of the employer for that injury. Potter reinjured his back. Montgomery County as a self-insurer was the employer's insurer for that injury. Potter retired under the Montgomery County disability retirement program. Appellees, Bethesda Fire Department, Inc., Montgomery County, and Insurance Company of North America, contended they were entitled to a set-off pursuant to Maryland Code (1957, 1979 Repl.Vol.) Art. 101, § 33(c) and (d). Their contention was based on the fact that Potter was receiving disability retirement benefits from Montgomery County in excess of any benefits that he was eligible to receive as workmen's compensation. The Commission denied the right of set-off. Bethesda Fire Department, Inc., and Montgomery County appealed the Commission's decision to the Circuit Court for Montgomery County. Named defendants in the appeal were Insurance Company of North America and Potter.

The fire company and Montgomery County filed a motion for partial summary judgment based on the claimed statutory set-off. Insurance Company of North America subsequently joined in this motion, and asked that the ruling also apply with respect to the claim in which it was previously ordered to pay benefits for 20% industrial loss of use.

The matter came on for hearing in the circuit court. It ordered that the motion for partial summary judgment be granted "on the question of the applicability of the set-off provisions of Article 101, Section 33 ... to the benefits awarded by the Workmen's Compensation Commission under its order dated October 6, 1982, and Amended Order of April 20, 1983." It further ordered, stating "that there appears to be no just cause for delay in entering judgment in this action," that "the Clerk of the Court [was] ... directed to enter judgment in favor of the employer, Bethesda Fire Department, Inc., and the insurer, Montgomery County, Maryland, on their entitlement to a set-off pursuant to Article 101, Section 33 of the Annotated Code of Maryland." Insofar as the record before us reflects, the matter otherwise remains open on the docket in the Circuit Court for Montgomery County.

Potter appealed to the Court of Special Appeals. That court affirmed in *Potter v. Bethesda Fire Dept., Inc.*, 59 Md.App. 228, 474 A.2d 1365 (1984). We granted Potter's petition for a writ of certiorari in order that we might address the important public question of whether Bethesda Fire Department, Inc., is a quasi-public corporation within the meaning of Code (1957, 1979 Repl.Vol.) Art. 101, § 21(a)(2). *Potter v. Bethesda Fire Dep't, Inc.*, 301 Md. 43, 481 A.2d 803 (1984).

As in the federal system, with certain limited exceptions not applicable to this case, appeals from circuit courts in this State are limited by Code (1974) § 12–301, Courts and Judicial Proceedings Article, to those from final judgments. We have stated that it is elementary that parties may not confer appellate jurisdiction by consent upon this Court or

the Court of Special Appeals. *Sigma Repro. Health Cen. v. State,* 297 Md. 660, 664, 467 A.2d 483, 485 (1983); *East v. Gilchrist,* 293 Md. 453, 458, 445 A.2d 343, 345 (1982); *Price v. Hobbs,* 47 Md. 359, 378–79 (1877).

■ If we lack jurisdiction then as an appellate court we must on our own motion recognize our lack of jurisdiction. *Biro v. Schombert,* 285 Md. 290, 293, 402 A.2d 71, 73 (1979); *Diener Enterprises v. Miller,* 266 Md. 551, 555, 295 A.2d 470, 473 (1972).

Former Maryland Rule 605 a, applicable to this proceeding, states:

"Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

As Judge Eldridge said for the Court in *Biro,* 285 Md. 290, 402 A.2d 71:

"As clearly indicated by the above language, a trial court is authorized to enter a final appealable judgment under the rule only where there are multiple claims and the judgment disposes of at least one of those claims. An order which disposes of only part of a single claim cannot be made final under Rule 605 a. *Diener Enterprises v. Miller, supra,* 266 Md. at 554–556 [295 A.2d 470]; *Harford Sands, Inc. v. Levitt & Sons,* 27 Md.App. 702, 343 A.2d 544, *cert. denied,* 276 Md. 744 (1975)." 285 Md. at 294, 402 A.2d at 74.

There was but one claim for relief in this case, an appeal from the Workmen's Compensation Commission. The fact that the appeal raised more than one issue makes no difference. In *East*, 293 Md. 453, 445 A.2d 343 (1982), Judge Eldridge said for the Court:

"A claim for purposes of Rule 605 a must at least be a complete cause of action; if two purportedly separate 'claims' are actually the same cause of action, then only one claim is presented. *Biro v. Schombert, supra*, 285 Md. at 295 [402 A.2d 71]; *Suitland Dev. v. Merchants Mort.*, 254 Md. 43, 54, 254 A.2d 359 (1969). Different legal theories for the same recovery, based on the same facts or transaction, do not create separate 'claims' for purposes of the rule. *Biro* [285 Md.] at 295 [402 A.2d 71]; *Diener Enterprises v. Miller, supra*, 266 Md. at 556–557 [295 A.2d 470]. Moreover, where different items of damages or different remedies are sought for the same cause of action, multiple claims are not presented. *Biro* [285 Md.] at 295–297 [402 A.2d 71]; *Harford Sands, Inc. v. Levitt & Sons, supra*. As the Supreme Court stated in *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 743, n. 4, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976), with regard to Federal Rule 54(b):

'It is sufficient to recognize that a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief.' "

293 Md. at 459, 445 A.2d at 346.

■ The "partial summary judgment" entered in this case disposed of but one issue involved in the claim. Left open are the questions, as set forth in the petition for appeal, of whether "the claimant had suffered an accidental injury arising out of and in the course of his employment on August 20, 1980," the amount of disability, and the portion of disability "reasonably attributable to the incident of August 20, 1980 ...." Consequently, the circuit court had no authority to make its decision final and appealable under former Rule 605 a, and the Court of Special Appeals had no

authority to hear the appeal on its merits. It follows, therefore, that the appeal must be dismissed. However, if a subsequent appeal is taken from a final judgment in this case, and if a petition for a writ of certiorari is filed and granted, we shall, at the parties' option, permit the case to be heard upon the existing briefs.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED AND CASE REMANDED TO THAT COURT FOR PASSAGE OF AN ORDER DISMISSING THE APPEAL; COSTS TO BE DIVIDED EQUALLY.