527 A.2d 763

**CARL MESSENGER SERVICE, INC.**

v.

**James Lloyd JONES, et al.**

No. 279, Sept. Term, 1987.

Court of Special Appeals of Maryland.

July 8, 1987.

Karen L. Sussman (John Addison Howard, on the brief), Baltimore, for appellant.

Douglas W. Knight (Leonard & Knight, on the brief), Baltimore, for appellees.

Argued before GILBERT, C.J., and MOYLAN and ALPERT, JJ.

ALPERT, Judge.

This is an expedited appeal from an interlocutory ruling, certified pursuant to Rule 2–602 by the Circuit Court for Baltimore City. The parties submitted an agreed statement of facts as required by Rule 1029 b.

On July 1, 1983, Jeffrey Krimmel, an employee of appellant Carl Messenger Service, Inc. (CMS), and appellee James Jones (Jones) were involved in an automobile accident in Baltimore City. On March 18, 1986, Jones filed a

two count action, sounding in negligence, against CMS.[1] CMS was not served with Jones's complaint until September 23, 1986. On November 17 of that year, CMS, to its own use and to the use of the Maryland Automobile Insurance Fund (MAIF) filed a counterclaim against Jones on the basis of the July 1, 1983 accident. The counterclaim sought recovery for property damage to CMS's vehicle.[2]

Jones filed a motion for summary judgment to dismiss the counterclaim as barred by the statute of limitations. The court granted that motion and entered judgment on the counterclaim in Jones's favor. Finding there was no just reason for delay, the court then entered a final judgment on the counterclaim pursuant to Rule 2–602(b). CMS took this appeal on that judgment.

We are asked to determine whether a counterclaim (to a timely original claim), filed after the period of limitations, is barred when the counterclaim arises from the same occurrence as the original claim. For the reasons that follow, we are without jurisdiction to make that determination.

This court will generally hear no appeal until the entire case has been completed. *See Canterbury Rid'g Condo. v. Chesapeake Investors, Inc.*, 66 Md.App. 635, 651, 505 A.2d 858 (1986). The purpose of that rule is to prevent piecemeal appeals and to avoid the "confusion, delay and expense which would be caused by having two or more appeals in the same suit." *Id.* at 649, 505 A.2d 858. The policy considerations which support the rule against multiple appeals are strong ones.

---

1. Count I requested damages for the personal injury suffered by Jones; Count II requested damages for injury to his marital relationship.

2. This vehicle was repaired August 25, 1983 under an insurance policy issued to CMS by MAIF. Under that policy, MAIF was subrogated to the rights of CMS arising out of the accident. Therefore, the counterclaim was filed by CMS, to its own use, to recover its deductible under the policy, and to the use of MAIF to recover monies paid out under the policy.

Nevertheless, a narrow exception exists. Rule 2–602 provides:

> *Judgments Not Disposing of Entire Action*
>
> (a) Generally.—Except as provided in section (b) of this Rule, an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claim, counterclaim, cross-claim, or third-party claim), or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to the action:
>
> (1) is not a final judgment;
>
> (2) does not terminate the action as to any of the claims or any of the parties; and
>
> (3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties.
>
> (b) When Allowed.—If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:
>
> (1) as to one or more but fewer than all of the claims or parties; or
>
> (2) pursuant to Rule 2–501(e)(3), for some but less than all of the amount requested in a claim seeking money relief only.

Thus, pursuant to Rule 2–602(b)(1), a court may direct the entry of final judgment as to one or more, but fewer than all of the claims or parties, in an action. Such a judgment could then be appealed and stand as an exception to the general rule that appeals will not lie before the completion of the entire case.

■ Importantly, an order that merely resolves *an issue within a claim* rather than an entire claim may not be certified pursuant to Rule 2–602(b). *Washington Sub. San. Comm'n v. Frankel,* 302 Md. 301, 308–9, 487 A.2d 651 (1985); *Potter v. Bethesda Fire Dept., Inc.,* 302 Md. 281, 286–87, 487 A.2d 288 (1985); *Canterbury Rid'g Condo.,* 66

Md.App. at 646, 505 A.2d 858. Thus, we must determine whether the summary judgment disposing of CMS's counterclaim adjudicated an entire and distinct "claim" as required by the rule. If it did not, the trial court was without authority to certify this appeal.

In *East v. Gilchrist*, 293 Md. 453, 445 A.2d 343 (1982), the Court of Appeals embraced the prevailing federal view [3] that "a complaint and counterclaim constitute all one claim if they involve the same facts or the same cause of action...." 293 Md. at 461, 445 A.2d 343. While the court went on to find that the "counterclaim" before it was, in fact, a mere defense or denial to the plaintiff's claim and not a true counterclaim, the logic behind the prevailing rule is compelling. A "claim" is the facts giving rise to a judicial action, *Edmonds v. Lupton*, 253 Md. 93, 100–101, 252 A.2d 71 (1969), not the different items of damages or different remedies sought because of those facts, *Biro v. Schombert*, 285 Md. 290, 295–97, 202 A.2d 71 (1979) and a single set of operative facts gives rise to only one claim, *Diener Enterprises v. Miller*, 266 Md. 551, 556–57, 295 A.2d 470 (1972). This is true whether those facts are asserted by the plaintiff as giving grounds for several remedies or by several parties as giving grounds for one remedy apiece. In his original claim, Jones alleged that CMS's driver caused the July 1, 1983 accident at Howard and Read Streets. In its counterclaim CMS alleged that Jones caused that accident. The parties merely seek different damages. Both allegations, however, arise from the same core of operative facts; therefore, only one claim has been asserted.

The summary judgment, then, adjudicated only one issue within a claim (*i.e.*, whether the counterclaim was barred by the statute of limitations) rather than an entire claim. Consequently, the court had no authority to direct that a

---

**3.** Cases construing Federal Rule 54(b) provide "especially persuasive authority" for courts construing Md. Rule 2–602(b) which is modeled upon the federal rule. *East,* 293 Md. at 459, 445 A.2d 343.

final judgment be entered in its order. *Canterbury Rid'g Condo.*, 66 Md.App. at 646, 505 A.2d 858. That final judgment, being improper, gave us no jurisdiction to address the merits of this appeal and, therefore, we are compelled to dismiss. *Potter, supra; Allstate Ins. Co. v. Angeletti*, 71 Md.App. 210, 524 A.2d 798. Before doing so, however, we digress.

■ Had CMS set forth a distinct claim, thereby satisfying a condition to the court's authority to certify this appeal, we would, nevertheless, have found the certification to have constituted an abuse of discretion. Assuming a proper case, a court must expressly determine in a written order that there is no just reason to delay entry of a final, appealable judgment. Rule 2–602(b).[4] This case, however, presented compelling reasons to delay the entry of a final judgment upon CMS's counterclaim. Mr. Jones's personal injury claim, already four years old, languishes during this appeal from a property damage claim, deemed by its holder unworthy of asserting in a timely manner. The very issue certified—limitations—and its concern for the evanescence of evidence, suggests that this was not a proper case to certify for a ruling upon an isolated issue.

Although we have reviewed the agreed statement of facts, we are unable to find the existence of any "hardship or unfairness which would justify discretionary departure from the usual rule establishing the time for appeal." *See Diener Enterprises*, 266 Md. at 555, 295 A.2d 470. CMS will suffer no "harsh economic effect," *see Canterbury Rid'g Condo.*, 66 Md.App. at 662, 505 A.2d 858, by being made to wait until the conclusion of the case to take its appeal. We note that CMS runs a fleet of messenger cars; this claim involves but one. Jones, on the other hand, has

---

4. Due to the paucity of the record, we are uninformed as to the basis of the court's conclusion that there was no just reason to delay entry of a final judgment. We remind counsel of the "strong desirability" of such an explanation. *See Canterbury Rid'g Condo.*, 66 Md.App. at 650–51, 505 A.2d 858.

presented a claim for personal injuries, the evidence of which is old and getting older. This simply is not the infrequent harsh case to justify a certified appeal to this court. Had we not already determined that this certification was unauthorized, we would certainly have found it to have been an abuse of discretion.

APPEAL DISMISSED; COSTS TO BE PAID BY APPELLANT.