555 A.2d 528

**Allan H. PEARLSTEIN**

v.

**MARYLAND DEPOSIT INSURANCE FUND.**

**No. 940, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

March 31, 1989.

42

James P. Ulwick (Andrew Jay Graham, Kathleen A. Birrane and Kramon & Graham, P.A., on the brief), Baltimore, for appellant.

Peter H. Gunst (Shale D. Stiller, Robert B. Levin and Frank, Bernstein, Conaway & Goldman, on the brief), Baltimore, for appellee.

Argued before MOYLAN, GARRITY and BLOOM, JJ.

BLOOM, Judge.

This appeal is but another episode in the seemingly never-ending saga of the collapse of Old Court Savings & Loan, Inc. (Old Court). The players in this installment are by now familiar ones: appellant, Allan H. Pearlstein, is a former officer and director of Old Court and one of its principal stockholders; appellee, Maryland Deposit Insurance Fund (MDIF) is the statutory receiver for Old Court. The litigation that spawned this appeal is part of MDIF's continuing efforts to recover assets it claims were improperly taken or diverted or misappropriated from Old Court in a variety of ways by a large number of individuals, corporations, partnerships, and other business entities acting alone or in concert with one another. One peculiar twist in this brief interlude is that our disposition of the appeal—dismissal for lack of jurisdiction—will undoubtedly be far more disturbing to the appellee than to the appellant.

This particular action was filed by MDIF in the Circuit Court for Baltimore City against Pearlstein and a myriad of other defendants, including Jeffrey A. Levitt and Pearlstein Levitt Investments (PLI), a partnership. Following a brief preliminary skirmish over pleadings, MDIF filed an amended complaint,[1] some description of which is necessary to an understanding of this appeal and our disposition of it.

## THE PLEADING

The amended complaint takes up some 163 typewritten pages, the last 20 of which are in the nature of an appendix entitled "Partial List of Old Court Subsidiaries and Affiliates." The first eight pages of the complaint itself consist of titling, i.e., names and addresses of the parties. That is followed by three full pages of "Introduction," in the nature of an explanation of what was amended and why, together with a list of the parties defendant. The allegations of the complaint begin on page 12 with thirty-seven numbered paragraphs plus several lettered subparagraphs identifying the defendants and their relationship with Old Court and each other. Paragraphs Nos. 38 through 179 (pages 24 through 72) purport to contain allegations common to all counts. That designation is patently inaccurate, but innocuously so; to the extent that any allegations of any of those paragraphs do not apply to any given count in the amended complaint, those allegations may be deemed to be harmless surplusage.

The bulk of the remainder of the amended complaint is rather arbitrarily divided into fifteen counts, one for money due and owing and fourteen which charge the defendants, in varying combinations, with a variety of types of tortious misconduct, ranging in nature from "Diversion of Corporate Opportunity" to "Waste" to outright fraud. The degree of nefariousness of conduct alleged ranges from negligence to gross negligence to willful, deliberate, and intentional

---

1. Captioned, with an apparent foreboding of continued difficulties regarding the pleadings, "First Amended Complaint."

wrongdoing. Each count incorporates the first 179 numbered paragraphs of the complaint, adds more allegations, and concludes with the plaintiff seeking "compensatory damages in an amount to be determined by the [Circuit] Court, and equitable relief." Those counts alleging intentional or grossly negligent misconduct also seek "punitive damages in the amount of $200 million."

The last three pages of the amended complaint itself is a sort of overall prayer for relief apparently intended to apply to all counts, in which MDIF repeated its request for compensatory damages in an amount to be determined by the court plus $200 million in punitive damages, to which it added costs of suit, legal fees, and a shopping list of equitable remedies including accountings, impositions of constructive trusts and equitable liens, restitution, and declaratory and injunctive relief.

A complaint in this form violates the first principle of good pleading, which is to inform and enlighten, not to confuse and obscure. Moreover, this particular complaint violates Rule 2–303(a), which requires that each cause of action be set forth in a separately numbered count, and Rule 2–303(b), which requires that each averment be simple, concise, and direct, containing only such statements of fact as may be necessary to show the pleader's entitlement to relief. It is little wonder that the court, appellant, and probably even the pleader, became confused as what constitutes a single, entire claim asserted against appellants by any count in MDIF's amended complaint. And therein lies the problem.

## THE PROCEEDINGS

MDIF was naturally anxious to recover as much of Old Court's assets as it could as soon as it could. At some stage in the proceedings it concluded that it could relatively easily establish certain facts entitling it to recover a substantial sum of money from Pearlstein. Accordingly, it moved for summary judgment against Pearlstein for certain sums of money that Pearlstein had allegedly drained out of

Old Court's coffers in the form of unearned fees paid to Pearlstein as Levitt's partner in PLI by Old Court Investment Corporation (OCIC), a wholly owned subsidiary of Old Court. The allegations pertaining to this alleged wrongful conduct constitutes part of what MDIF chose to plead as a much larger claim against several defendants for a variety of acts coming under the broad general heading of "breach of fiduciary duty." That claim, for all damages arising from a number of unrelated breaches of fiduciary duty by a number of defendants who allegedly owed duties of a fiduciary nature to Old Court, was pled alternatively in Count II as "Intentional Breach of Fiduciary Duty," Count III as "Grossly Negligent Breach of Fiduciary Duty," and Count IV as "Negligent Breach of Fiduciary Duty."

The circuit court granted MDIF's summary judgment motion and pursuant to Md. Rule 2–602 entered a final judgment against Pearlstein for $1,099,000 plus accrued interest. Pearlstein appealed, and we reversed, holding that the case was not a proper one for summary judgment because essential elements of MDIF's action had not been established as undisputed facts.[2] *Pearlstein v. State of Maryland Deposit Insurance Fund Corporation, Receiver*, No. 1591, September Term, 1986 (unreported, filed September 8, 1987).

After we remanded the case to the circuit court for further proceedings, MDIF decided to proceed against Pearlstein and PLI by a trial of the same issues on which the court had granted summary judgment. The court acceded to MDIF's request and set those issues in for a

---

**2.** Rule 2–602(b)(2) authorizes the court, when it enters a partial summary judgment under Rule 2–501(e)(3) for some but not all of the amount requested when the claim for relief is for money only, to certify that judgment as final. In view of the fact that MDIF was seeking some unspecified equitable relief against all of the defendants, including Pearlstein, it is questionable whether the court had the authority to enter a final judgment under this rule. That question was not brought to the attention of this Court or the lower court and was never addressed.

non-jury trial, under the authority of Md. Rule 2–503(b), which provides:

(b) **Separate Trials.**—In furtherance of convenience or to avoid prejudice, the court, on motion or on its own initiative, may order a separate trial of any claim, counterclaim, cross-claim, or third-party claim, or of any separate issue, or of any number of claims, counterclaims, cross-claims, third-party claims, or issues.

Pearlstein's request for a jury trial was denied. The court ruled that the proceeding was in equity rather than law because (1) the allegations of breach of fiduciary duty state a claim more readily cognizable in equity than in law; (2) the relief sought against Pearlstein individually was couched in terms of restitution, an equitable remedy; and (3) the relief sought against PLI, of which Pearlstein was a partner, was the imposition of a trust, which is clearly equitable in nature.[3]

The trial resulted in a judgment entered on May 25, 1988, against Pearlstein and PLI, jointly and severally, in the amount of $1,888,000 plus prejudgment interest at the rate of 10 percent per annum dating back to May 1, 1985. On June 15, 1988, the court revised that judgment, at MDIF's request, by adding the following:

2. The Court has considered the following factors in regard to this judgment:

(1) Plaintiff, as Receiver for Old Court Savings & Loan, Inc., has an immediate need for payment of all monies due it, in order to meet Old Court's financial obligations, and delay of entry of final judgment in this action will have a harsh economic effect on Plaintiff, as Receiver;

(2) There is no likelihood that a determination of the remaining claims before this Court in the action would render moot any appeal of this judgment;

---

**3.** MDIF had no reason to proceed against the other partner, Levitt, because Levitt had already given MDIF his power of attorney, enabling MDIF to recover any assets of Levitt it could find and reach.

(3) An appeal of this judgment would not require a determination by any appellate court of questions that are still to be adjudicated in this action by this Court. Accordingly, the Court hereby determines, pursuant to Maryland Rule 2-602, that there is no just reason for delaying the entry of a final judgment on the underlying claims and hereby directs the Clerk to enter judgment pursuant to this Order."

## THIS APPEAL

Appealing from the revised judgment of June 15, 1988, Pearlstein seeks to raise a pentad of issues, relating to the denial of his request for a jury trial, the propriety of trying the case against him on the theory of restitution of funds that have never been in his possession, the propriety of entering a judgment on behalf of Old Court with respect to funds in which it had no legal interest, the court's determination that his conduct constituted a breach of a fiduciary duty owed to Old Court, and whether it was permissible for MDIF, a State agency, to predicate its case against him on assertions diametrically opposed to those upon which the State had secured his conviction in an earlier criminal proceeding.

These are interesting issues, but we cannot address them. Although neither of the parties to this appeal has challenged our jurisdiction, we must dismiss the appeal *nostra sponte* because of an improper application of Rule 2-602. *Potter v. Bethesda Fire Department, Inc.*, 302 Md. 281, 285, 487 A.2d 288 (1985); *Biro v. Schombert*, 285 Md. 290, 293, 402 A.2d 71 (1979); *Allstate Insurance Co. v. Angeletti*, 71 Md.App. 210, 215, 524 A.2d 798 (1987). Appellate jurisdiction is determined by constitutional provisions, statutory provisions, and rules; jurisdiction cannot be conferred by consent of the parties. *Biro v. Schombert*, 285 Md. at 293, 402 A.2d 71; *East v. Gilchrist*, 293 Md. 453, 458, 445 A.2d 343 (1982); *Eastgate Associates v. Apper*, 276 Md. 698, 700-701, 350 A.2d 661 (1976).

Generally, for an appellate court to have subject matter jurisdiction, an appeal must be from a final judgment or an appealable interlocutory order. Md.Code Cts. & Jud.Proc. Article, §§ 12–301 and 12–302; *Planning Board of Howard County v. Mortimer,* 310 Md. 639, 644, 530 A.2d 1237 (1987). This jurisdictional requirement prevents piecemeal appeals and avoids the "confusion, delay and expense which would be caused by having two or more appeals in the same suit." *Carl Messenger Service,* 72 Md.App. 1, 3, 527 A.2d 763 (1987), quoting *Canterbury Riding Condominium v. Chesapeake Investors, Inc.,* 66 Md.App. 635, 649, 505 A.2d 858 (1986). Rule 2–602, however, contains an exception to this requirement.[4]

Rule 2–602 is derived from former Rule 605 a, which was modeled after Federal Rule of Civil Procedure 54(b).[5] Inter-

---

4. Rule 2–602. **JUDGMENTS NOT DISPOSING OF ENTIRE ACTION**

   (a) **Generally.**—Except as provided in section (b) of this Rule, an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claim, counterclaim, cross-claim, or third-party claim), or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to the action:

   (1) is not a final judgment;

   (2) does not terminate the action as to any of the claims or any of the parties; and

   (3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties.

   (b) **When Allowed.**—If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:

   (1) as to one or more but fewer than all of the claims or parties; or

   (2) pursuant to Rule 2–501(e)(3), for some but less than all of the amount requested in a claim seeking money relief only.

5. Rule 605 a read:

   Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such

pretations of Fed.R.Civ.Proc. 54(b) are, therefore, especially persuasive in interpreting Rule 2–602. *Planning Bd. of Howard County v. Mortimer,* 310 Md. at 644, 530 A.2d 1237; *Diener Enterprises v. Miller,* 266 Md. 551, 554, 295 A.2d 470 (1972). These rules were adopted in response to the problems created under the modern system of pleading that promotes multiple parties and multiple claims. *Planning Bd.,* 310 Md. at 645, 530 A.2d 1237. At various stages of the litigation, some of the claims or some of the parties or some of both may be disposed of. Allowing an appeal from every disposition of this sort would create delay and disruption at the trial level and duplication and unnecessary burden at the appellate level. *Id.* Md. Rule 2–602 and its federal counterpart avoid these problems by viewing an action involving multiple claims or multiple parties as a single judicial unit ordinarily requiring complete disposition before a final appealable judgment may be entered. *Id.* at 647, 530 A.2d 1237. Both rules do, however, provide for exceptions, giving the trial judge discretionary authority to manage complex cases by acting as a "dispatcher" of final orders. *Planning Bd.,* 310 Md. at 647, 530 A.2d 1237, citing *Curtiss–Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1, 11 (1980).

■ This discretion should only be exercised "in the very infrequent harsh case." *Diener,* 266 Md. at 556, 295 A.2d 470; *see also, Allstate Insurance,* 71 Md.App. at 217, 524 A.2d 798. Improper exercise of discretion, however, is not the only situation in which certification under Rule 2–602(b) is not permissible. *Planning Board,* 310 Md. at 648, 530 A.2d 1237. The authorization to make certain orders appealable is limited to orders which are completely disposi-

---

determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims.

Rule 2–602 was amended to its present form in 1985 when it was rewritten to divide its provisions into sections (a) and (b).

tive of an entire claim or party. *Snowden v. Baltimore Gas & Electric,* 300 Md. 555, 563, 479 A.2d 1329 (1984). An order that merely resolves an issue within a claim rather than an entire claim may not be certified pursuant to this rule. *Carl Messenger Service,* 72 Md.App. at 4, 527 A.2d 763.

... Rule 2–602 does not operate to modify one of the statutory conditions for appellate jurisdiction—the existence of a final judgment. The threshold requirement for the invocation of Rule 2–602 is an order that but for multi-party or multi-claim circumstances, would be final in the traditional sense. This rationale mirrors the federal interpretation of Rule 54(b).

*Planning Board,* 310 Md. at 649, 530 A.2d 1237; *accord Potter v. Bethesda Fire Dept.,* 302 Md. at 285, 487 A.2d 288; *East v. Gilchrist,* 293 Md. at 458, 445 A.2d 343; *Allstate,* 71 Md.App. at 216, 524 A.2d 798.

Therefore, in order to determine whether the trial court had the authority to enter an appealable judgment pursuant to Rule 2–602(b), we must first determine whether that judgment actually disposes of an entire "claim for relief."

In *East v. Gilchrist,* 293 Md. 453, 445 A.2d 343 (1982), the Court of Appeals embraced the prevailing federal view that "a complaint and counterclaim constitute all one claim if they involve the same facts or the same cause of action...." 293 Md. at 461, 445 A.2d 343. While the court went on to find that the "counterclaim" before it was, in fact, a mere defense or denial to the plaintiff's claim and not a true counterclaim, the logic behind the prevailing rule is compelling. A "claim" is the facts giving rise to a judicial action, *Edmonds v. Lupton,* 253 Md. 93, 100–101, 252 A.2d 71 (1969), not the different items of damages or different remedies sought because of those facts, *Biro v. Schombert,* 285 Md. 290, 295–97, 402 A.2d 71 (1979) and a single set of operative facts gives rise to only one claim, *Diener Enterprises v. Miller,* 266 Md. 551, 556–57, 295 A.2d 470 (1972). This is

true whether those facts are asserted by the plaintiff as giving grounds for several remedies or by several parties as giving grounds for one remedy apiece.

*Carl Messenger Service,* 72 Md.App. at 5, 527 A.2d 763 (footnote omitted).

The trial court's order was not completely dispositive of an entire claim or party. Although the order dealt with certain isolated allegations contained in MDIF's complaint, it did not dispose of all the counts in which these same allegations are asserted as grounds for relief, nor did it dispose of all the allegations regarding Allan Pearlstein in the counts for breach of fiduciary duty which were under consideration by the court.

Although the judgment purported to be based on a "claim," the trial judge had earlier made it perfectly clear that what he had severed from the Amended Complaint for a separate trial was not a "claim," but a group of allegations that Pearlstein and Levitt, as general partners of PLI, had received $1,888,000 in unearned fees from Old Court Investment Corporation (OCIC) and Old Court Joint Venture, Inc. (OCJV), both wholly owned subsidiaries of Old Court.

As we have noted, *supra,* counts II, III, and IV of MDIF's amended complaint asserted, respectively, claims for intentional breach of fiduciary duty, grossly negligent breach of fiduciary duty, and negligent breach of fiduciary duty, based on numerous identical allegations. The judgment did not dispose of all these allegations; it did not even dispose of all the allegations regarding Pearlstein contained in these three counts.

Moreover, MDIF had pleaded its case in such a way as to seek, by way of remedies for all of these alleged wrongs committed by Pearlstein, Levitt, PLI, and others, not only the compensatory damages awarded by this judgment but also punitive damages and several forms of equitable relief which this judgment did not address. When more than one item of damages is sought under one claim, a

judgment that does not decide all those items of damages does not dispose of an entire claim within the contemplation of Rule 2–602. *Biro v. Schombert*, 285 Md. at 296, 402 A.2d 71. By the same token, when more than one form of relief is sought in the same claim, conjunctively and not disjunctively or in the alternative, a judgment that does not decide—grant or deny—each of those demands does not dispose of the entire claim.

Since the judgment in this case disposed only of parts of one or more claims against some defendants, but did not dispose of all of any claim against any defendant, it could not properly be certified as final under Rule 2–602. There is, therefore, no final judgment, and we have no jurisdiction to address appellant's contentions, as much as both sides may wish us to do so. We can but dismiss the appeal.

APPEAL DISMISSED.

COSTS TO BE PAID BY APPELLANT.