REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 917

September Term, 2013

JANE DOE, ET AL.

v.

SOVEREIGN GRACE MINISTRIES, INC.,
ET AL.

Eyler, Deborah S.,
Berger,
Graeff,

JJ.

Opinion by Eyler, Deborah S., J.

Filed: June 26, 2014

In this multi-party case, the notice of appeal was filed prematurely and is not effective. When an effective notice of appeal could have been filed, it was not. None of the appellate rule "savings clauses" apply. Accordingly, this Court lacks jurisdiction and the appeal must be dismissed as not permitted by law. *See Biro v. Schombert*, 285 Md. 290, 293 (1979) (appellate court must dismiss appeal *sua sponte* if it determines that appellate jurisdiction is lacking).

In October 2012, in the Circuit Court for Montgomery County, three plaintiffs, Jane Doe,[1] Renee Palmer Gamby (then using a pseudonym), and Dara Sutherland (then using a pseudonym), filed suit against Sovereign Grace Ministries, Inc. ("SGM"); five individuals affiliated with Covenant Life Church ("CLC") in Maryland: Charles Mahaney, Lawrence Tomczak, John Loftness, Guy Ricucci, and Grant Layman (collectively "the Maryland Defendants"); and three individuals affiliated with Sovereign Grace Church of Fairfax ("the Fairfax Church") in Virginia: David Hinders, Louis Gallo, and Frank Ecelbarger.

Four months later, in January 2013, the plaintiffs filed a first amended complaint ("FAC") that added five new plaintiffs: Heather Thompson Bryant (then using a pseudonym), Carla Coe, Grace Goe, Karen Koe, and Karl Koe.[2] The FAC also added five more defendants: CLC, the Fairfax Church, the Covenant Life School, Inc. ("the School"), and two individuals affiliated with the Fairfax Church: Mark Mullery and Vince Hinders.

---

[1]The name "Jane Doe" is a pseudonym.

[2]The names "Carla Coe," "Grace Goe," "Karen Koe," and "Karl Koe" are pseudonyms.

(We shall refer to the individual defendants affiliated with the Fairfax Church as "the Virginia Defendants.")

The next month the defendants filed motions to dismiss the FAC on numerous bases, including that most of the claims were time-barred. They complained that several of the plaintiffs were not revealing their ages to prevent the defendants from determining whether their claims were time-barred. The Virginia Defendants and the Fairfax Church argued that the court lacked personal jurisdiction over them. The court scheduled a hearing on the motions to dismiss for May 17, 2013.

Three days before the hearing, the plaintiffs filed a second amended complaint ("SAC"). The SAC added three more plaintiffs -- James Roberts, Jessica Roberts-Thomas, and Donna Doe -- and listed the months and years of birth for all eleven plaintiffs.[3] The dates of birth revealed that, when the complaint was filed in October 2012, the plaintiffs were between the ages of 17 and 38. The two youngest plaintiffs were Jane Doe, then age 17, and Karen Koe, then age 18.

In the SAC, the plaintiffs alleged that each of them (with one exception not relevant to our discussion) had been sexually molested and, in some cases, physically abused by either an individual defendant, an employee of a defendant, or a parishioner of one of the defendant churches. The abuse had been perpetrated when the plaintiffs were minors, although there were allegations that for some plaintiffs the abuse continued after they reached the age of

[3]The name "Donna Doe" is a pseudonym.

2

majority. The plaintiffs alleged that the abuse had been reported to the defendants, but that the defendants negligently failed to report the abuse to the police or to any other "secular authorities"; negligently retained employees known to have abused children and allowed them to supervise children; made intentional misrepresentations about the abuse to other parishioners and to the police; and engaged in a conspiracy to cover up the abuse and to discourage the plaintiffs and their families from reporting the abuse to "secular authorities."

Simultaneous with the filing of the SAC, the plaintiffs filed a supplemental memorandum of law addressing the statute of limitations issues. They argued that their causes of action did not accrue until August 2011 because that is when they first discovered, by reading a blog, that the defendants had engaged in a conspiracy to obstruct justice.

The hearing on the motions to dismiss the FAC went forward on May 17, 2013. With the consent of the parties, the arguments addressed the allegations of the newly operative SAC. The defendants conceded that the claims brought by Jane Doe and Karen Koe were not time-barred. The defendants argued that the claims of the remaining nine plaintiffs were time-barred and that the court lacked personal jurisdiction over the Fairfax Church and the Virginia Defendants affiliated with it.

At the conclusion of the hearing, the court ruled from the bench. It granted the motion to dismiss with prejudice on statute of limitations grounds on the claims of all the plaintiffs except Jane Doe and Karen Koe. Because Jane Doe and Karen Koe both were residents of Virginia and had alleged tortious conduct occurring in Virginia, perpetrated by the Fairfax

3

Church and the Virginia Defendants, the circuit court dismissed without prejudice all claims against those defendants for lack of personal jurisdiction but ordered that the claims against those defendants could not be re-filed in Maryland. (In other words, those claims could be re-filed, but only in Virginia.) The court dismissed with prejudice all claims against the School for failure to sue the proper corporate entity.[4] Finally, the court dismissed Jane Doe and Karen Koe's claims against SGM, CLC, and the Maryland Defendants without prejudice, stating that they had ten days leave to file an amended complaint against those defendants.

On May 23, 2013, the court entered an order consistent with and memorializing its oral ruling. Regarding the claims of Jane Doe and Karen Koe, the order stated:

> **ORDERED**, that with respect to the two remaining Plaintiffs, Karen Koe and Jane Doe, the [SAC] be and the same hereby is **DISMISSED WITHOUT PREJUDICE**, such that *the two remaining Plaintiffs shall have ten (10) days from the Court's Ruling of May 17, 2013 (i.e., until May 28, 2013, because May 27, 2013 is a holiday) to file a Third Amended Complaint* only as to the remaining Defendants: [SGM]; [CLC]; [Mahany]; [] Ricucci; [] Loftness; [] Layman; and [] Tomczak; and it is further
>
> **ORDERED**, that the Third Amended Complaint shall not include any additional Plaintiffs or Defendants and shall set forth with specificity the alleged acts of the remaining Defendants as to the two remaining Plaintiffs; and it is further
>
> * * *
>
> **ORDERED,** that all discovery in this matter, as to the remaining Plaintiffs and remaining Defendants, be stayed pending the Court's ruling on any motions to dismiss that remaining Defendants anticipate they will file in response to the Third Amended Complaint of the two remaining Plaintiffs. As

----

[4]CLC had operated a school since 1979; the corporate entity sued by the plaintiffs had been in existence only since 2010.

the Current Scheduling Order provides for a written discovery deadline of May 28, 2013, that deadline shall be extended to a date to be determined by the Court with input of counsel for all parties, assuming it is necessary to go forward with discovery after a ruling on the anticipated motions to dismiss the Third Amended Complaint.

(Italicized emphasis added.)

Six days later, on May 29, 2013, the plaintiffs filed a motion for reconsideration of the May 23, 2013 order, arguing once again that the conspiracy claims against SGM, CLC, and the Maryland Defendants did not accrue until August 2011, and for that reason were not time-barred. The plaintiffs also argued that the court had erred in not applying the seven-year statute of limitations for "action[s] for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor," which would have made the claims of three of the plaintiffs timely. *See* Md. Code (1973, 2013 Repl. Vol.), § 5-117 of the Courts and Judicial Proceedings Article ("CJP").

On June 14, 2013, while the motion for reconsideration remained pending, the plaintiffs filed a notice of appeal. The notice of appeal purported to apply to all the plaintiffs, but the appellants do not challenge the adverse rulings on personal jurisdiction or the dismissal of the School. Accordingly, SGM, CLC, and the Maryland Defendants are the appellees in this Court.[5]

---

[5]In their brief, the appellants set forth the following questions presented:

I. Did the circuit court err by dismissing the conspiracy claims as barred by the statute of limitations?

(continued...)

On August 8, 2013, the judge who presided over the motions hearing and issued the May 23, 2013 order issued an order denying the motion for reconsideration. The judge handwrote on the order: "Plaintiffs having failed to file a Third Amended Complaint, this matter is now CLOSED." The order was entered on August 12, 2013. Nothing further was filed in the case.

Appellate jurisdiction in Maryland is a "creature of statute." *Kurstin v. Bromberg Rosenthal, LLP*, 191 Md. App. 124, 131 (2010), *aff'd*, 420 Md. 466 (2011). *See, e.g., Dvorak v. Anne Arundel County Ethics Comm'n*, 400 Md. 446, 450 (2007). CJP section 12-301 provides that (with an exception that does not apply here) "a party may appeal from a final judgment entered in a civil or criminal case by a circuit court."

A "final judgment" is a judgment that "disposes of all claims against all parties and concludes the case." *Miller & Smith at Quercus, LLC v. Casey PMN, LLC*, 412 Md. 230, 241 (2010). Rule 2-602(a) makes plain that a judgment that does not dispose of all claims by and against all parties is not a final judgment:

> (a) **Generally.** Except as provided in section (b) of this Rule, an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claim, counterclaim, cross-claim, or third-party claim), or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to the action:
>
> > (1) is not a final judgment;

---

[5](...continued)
II. Did the court err by not applying the seven-year statute of limitations applicable to claims "arising from sexual abuse"?

6

(2) does not terminate the action as to any of the claims or any of the parties; and

(3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties.

(Subsection (b), which we shall discuss *infra*, allows the circuit court in rare circumstances to certify a non-final judgment for appeal.)

This Court has jurisdiction over an appeal when the appeal is taken from a final judgment or is otherwise permitted by law, and a timely notice of appeal was filed. *See Shofer v. Stuart Hack Co.*, 107 Md. App 585, 592 (1996) ("Generally, Maryland appellate courts cannot exercise subject matter jurisdiction over a case on appeal unless that case is the product of a final judgment from a lower court.").[6] For a notice of appeal to be timely, it must be filed "within 30 days after entry of the judgment or order from which the appeal is taken." Md. Rule 8-202(a).

The May 23, 2013 order in this case was not a final judgment because it did not adjudicate all the claims of all the parties to the action. It adjudicated the claims of nine plaintiffs against seven defendants.[7] It did not adjudicate the claims of Jane Doe and Karen

---

[6]CJP section 12-302 creates some exceptions that allow for the filing of an appeal from a non-final judgment. In addition, CJP section 12-303 allows appeals to be taken from certain interlocutory orders. Neither CJP section 12-302 nor 12-303 applies to the May 23, 2013 order in this case. Also, in certain unusual circumstances, an appellate court may treat an order that is not final as a final judgment, under the collateral order doctrine. *See St. Joseph Med. Ctr., Inc. v. Cardiac Surgery Assocs., P.A.*, 392 Md. 75, 86 (2006). That doctrine would not apply here.

[7]Those defendants were SGM, CLC, Mahaney, Ricucci, Loftness, Layman, and Tomczak.

7

Koe against the other seven defendants. The May 23, 2013 order dismissed the claims of Jane Doe and Karen Koe without prejudice, granting them leave to amend their complaint against those defendants. Although an order dismissing all of the claims against all of the defendants with or without prejudice ordinarily is a final judgment, an order dismissing claims without prejudice *and* granting leave to file an amended complaint is not a final judgment, and therefore is not appealable. *Moore v. Pomory*, 329 Md. 428, 431 (1993); *Makovi v. Sherwin-Williams*, 311 Md. 278, 281 (1987) ("express provision" allowing amendment of pleading shows that order not intended to finally dispose of case and thus is not final); *Mohiuddin v. Doctors Billing & Mgmt. Solutions, Inc.*, 196 Md. App. 439, 453 (2010) ("If the dismissal order expressly grants 'leave to amend,' there is no final judgment and the case is not closed."). "Where leave to amend is expressly granted in an order, the case remains pending in the trial court, whether or not an amended complaint is filed, until another order is entered disposing of the case." *Moore*, 392 Md. at 431; *see also Mohiuddin*, 196 Md. App. at 453; Md. Rule 2-322(c) ("If leave to amend is granted and the plaintiff fails to file an amended complaint within the time prescribed, the court, on motion, may enter an order dismissing the action.").

The circuit court's August 12, 2013 order denying the motion to reconsider the May 23, 2013 order and stating that the case is "closed" because the plaintiffs did not file a third amended complaint finally adjudicated the claims by Jane Doe and Karen Koe against the

8

seven remaining defendants. At that time all the claims by and against all the parties were adjudicated. That order, and only that order, was a final judgment in this case.

As noted, the appellants filed a notice of appeal on June 14, 2013, almost two months before the final judgment was entered. Also as noted, after the court entered the August 12, 2013 final judgment, no new notice of appeal or amended notice of appeal was filed.

The only notice of appeal filed in this case, on June 14, 2013, was filed prematurely, before the entry of a final judgment. "Premature notices of appeal are generally of no force and effect." *Jenkins v. Jenkins*, 112 Md. App. 390, 408 (1996), *superseded by rule as stated in Bussell v. Bussell*, 194 Md. App. 137, 152-54 (2010). This is so because a premature appeal is a "jurisdictional defect." 112 Md. App. at 408. Like many states, Maryland, by rule, "legitimates" premature appeals in some circumstances. Such a savings rule does not provide an exception to the final judgment rule. Rather, it permits an appellate court, "through application of a legal fiction, to treat the [notice of appeal] as if timely filed after a final judgment." *Id*. at 410.

The Maryland Rules that can be invoked to save premature appeals do not apply to the procedural scenario in this case. Under Rule 8-602(d),

> A notice of appeal filed after the announcement or signing by the trial court of a ruling, decision, order, or judgment but before entry of the ruling, decision, order, or judgment on the docket shall be treated as filed on the same day as, but after, the entry on the docket.

That Rule covers the situation in which a circuit court has made a decision or signed an order that upon being entered on the docket will be a final judgment; but the notice of appeal was

9

prematurely filed, before the entry on the docket. Here, the notice of appeal was filed after the entry on the docket of an order that was not a final judgment. *Cf. Carr v. Lee*, 135 Md. App. 213, 226 (2000) (Rule 8-602(d) could not save a premature appeal when the notice of appeal was filed after an oral opinion that did not resolve all issues in the case, but before the entry of that non-final order on the docket).[8]

The savings provision in Rule 8-602(e)(1) also is unavailing. It provides:

> If the appellate court determines that the order from which the appeal is taken was not a final judgment when the notice of appeal was filed but that the lower court had discretion to direct the entry of a final judgment pursuant to Rule 2-602(b), the appellate court may, as it finds appropriate, (A) dismiss the appeal, (B) remand the case for the lower court to decide whether to direct the entry of a final judgment, (C) enter a final judgment on its own initiative or

---

[8]In *Jenkins*, this Court dismissed an appeal as premature when the notice of appeal was filed after an oral ruling that ended with the following statement: "[c]ounsel shall prepare an appropriate declaratory judgment and, if necessary, an order in the nature of a QDRO." 112 Md. App. at 397. We explained that Rule 8-602(d) in its then present form did not apply when the oral ruling was not intended to be final at the time it was made. The Rule then stated:

> A notice of appeal from a ruling, decision, or order *that would be appealable upon its entry on the docket*, filed after the announcement of the ruling, decision, or order by the trial court but before entry of the ruling, decision, or order on the docket, shall be treated as filed on the same day as, but after, the entry on the docket.

(Emphasis added.) We opined that the Rule, by its plain language, "contemplate[d] an appealable order, and not a mere announcement of the intended order to be released later." 112 Md. App. at 411.

Rule 8-602(d) was amended the following year to delete the language italicized above. In *Bussell*, 194 Md. App. at 137, this Court construed Rule 8-602(d), as amended, to save an appeal under the same procedural scenario as that in *Jenkins*.

10

(D) if a final judgment was entered by the lower court after the notice of appeal was filed, treat the notice of appeal as if filed on the same day as, but after, the entry of the judgment.

Only subsection 8-602(e)(1)(D) possibly could apply to save this appeal.

Before exercising its discretion to choose any of the options in Rule 8-602(e)(1), an appellate court must make "two threshold determinations." *Brown & Williamson Tobacco Corp. v. Gress*, 378 Md. 667, 677 (2003). First, it must decide "whether the order appealed was premature-not final-when the appeal was noted and second, [it must decide] whether the trial court could have directed the entry of final judgment pursuant to Rule 2-602(b)." *Id.* We already have made the first threshold determination: the May 23, 2013 order was not a final judgment. Our second threshold determination is whether, pursuant to Rule 2-602(b), the circuit court properly could have directed that the May 23, 2013 order was final and appealable as to the appellants. If so, pursuant to Rule 8-602(e)(1)(D), we may treat the appellants' notice of appeal, filed on June 14, 2013, as having been filed on August 12, 2013, the day the circuit court entered a final judgment.

We turn to Rule 2-602(b), which in relevant part provides:

(b) If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:

(1) as to one or more but fewer than all of the claims or parties;
. . . .

Rule 2-602(b) is not applicable "[u]nless at least one of the claims has been totally decided or unless all the rights and liabilities of at least one of the parties have been adjudicated."

11

*Canterbury Riding Condominium v. Chesapeake Investors, Inc.*, 66 Md. App. 635, 643-44

(1986). The Rule is intended

> to deal with the infrequent harsh case, . . . to facilitate the entry of a judgment
> upon one or more claims or as to one or more parties, in a multiple-claim or
> multiple-party action, before the final adjudication of the entire case. It makes
> available, where appropriate, an immediate appeal. It seeks to avoid the
> possible injustice that might sometimes result from a delay in entering
> judgment until the final resolution of all claims.

*Id*. at 641. *See also Diener Enters., Inc. v. Miller*, 266 Md. 551, 556 (1972) (Rule 2-602(b)

is to be reserved for "the very infrequent harsh case."); *Silbersack v. ACandS, Inc.*, 402 Md.

673, 679 (2008) (same).

The May 23, 2013 order in the instant case adjudicated all the rights and liabilities of

nine of the eleven plaintiffs and seven of the fourteen defendants, satisfying the initial

threshold requirement for certification as final under Rule 2-602(b). Even when a circuit

court has discretion to make a finding that there is "no just reason for delay" and to certify

an order as final under Rule 2-602(b), an appellate court nevertheless retains the authority

to review that decision on appeal to "determine if there is anything in the record which

establishes the existence of any hardship or unfairness which would justify discretionary

departure from the usual rule establishing the time for appeal." *Diener*, 266 Md. at 555.

This Court's decision in *Canterbury*, is instructive. In that case, the Council of Unit

Owners ("Council") for a condominium brought suit against the developer of the

condominium and three former, developer-appointed members of the board of directors. The

complaint stated two counts. The first count was for negligent construction against the

12

developer and the second count was for breach of fiduciary duty against the developer and the three former board members. After the Council dismissed its claim against one of the board members, the developer and the remaining board members moved for summary judgment on count two, on the ground that it was time-barred. The circuit court granted the motion, entering judgment in favor of all three defendants on count two. Count one remained outstanding against the developer only. The Council moved, under Rule 2-602(b), for the entry of final judgment on count two. The court held a hearing, made a finding that there was no just reason for delay, and certified the order as final.

On appeal to this Court, we concluded we lacked jurisdiction. We explained that, as to the developer, the order could not properly have been certified as final because the two counts of the complaint amounted to one claim pleaded under two theories of recovery. Thus, the circuit court lacked discretion to certify the order as final under Rule 2-602(b) as to the developer.

The certified order finally adjudicated all of the rights and liabilities of the two former board members, however, giving the circuit court discretion to certify it as final. Nevertheless, we held that the court abused its discretion by doing so. We explained that a circuit court's "discretionary range" with respect to certification under Rule 2-602(b) is very "narrow" and is "circumscribed by strong policy considerations" disfavoring piecemeal appeals. *Id.* at 648; *see also Silbersack*, 402 Md. 679 (explaining that piecemeal appeals are disfavored because they "may cause the appellate court to be faced with having the same

13

issues presented multiple times and may burden the parties with having to assemble records, file briefs, and record extracts, and prepare and appear for oral argument on multiple occasions").

We addressed the "factors that bear upon [the] exercise of discretion under Rule 2-602(b) by reference to cases interpreting Federal Rule of Civil Procedure ("FRCP") 54(b), upon which Rule 2-602(b) is patterned. 66 Md. App. at 651. We identified as the most "[p]rominent" factor "a harsh economic effect" caused by delaying the right to appeal until the entire case is over. For example, in a case in which the plaintiff obtained a large liquidated damages judgment on his claim, requiring him to wait months or years for numerous counterclaims to be resolved would cause him "to suffer a severe daily financial loss." *Id*. at 652 (citing *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1 (1980)). Other relevant factors include "the danger that the same issues will have to be considered by the appellate court on successive appeals"; the possibility that "the determination of the remaining [issues] before the trial court might utterly moot the need for the review now being sought"; and "whether entertaining the present appeal upon the merits would require us to determine questions that are still before the trial court." *Id*. at 652-54. Concluding that all but the last factor weighed against certification, we held that "the trial judge should not, in the appropriate exercise of his discretion, have made the decision final and appealable under [] Rule 2-602." *Id*. at 654.

We return to the case at bar. We are constrained to conclude that the May 23, 2013 order could not properly have been certified as a final appealable order under Rule 2-602(b). In the order the court granted leave to amend to Jane Doe and Karen Koe for ten days, with the start of that time period backdating to the court's oral ruling of May 17, 2013, meaning that the two remaining plaintiffs actually had just five days to file a third amended complaint. So, within five days of the entry of the May 23, 2013 order, had no third amended complaint been filed (as it was not), any party could have moved for the entry of an order dismissing the case with prejudice in its entirety, pursuant to Rule 2-322(c). Had a timely third amended complaint been filed, responsive pleadings would have been due within two weeks, and the court quickly would have been able to ascertain whether Jane Doe and Karen Koe's amended claims would have survived and, if so, whether it would have been a hardship for the appellants not to have been able to separately pursue their appeals. Therefore, the May 23, 2013 order was of the type "present[ing] compelling reasons to delay the entry of a final judgment." *Carl Messenger Serv., Inc. v. Jones*, 72 Md. App. 1, 6 (1987). As in *Canterbury*, there is nothing in the record to suggest that a delay in allowing the appellants to appeal from the dismissal of their claims on the basis of limitations would have worked a hardship upon them. Moreover, it was likely the entire case would be disposed of within a matter of months, if not days. Under these circumstances, certification of the May 23, 2013 order as final pursuant to Rule 2-602(b) would have been an abuse of discretion.

15

Finally, we address the motion for reconsideration filed by the plaintiffs within ten days of the May 23, 2013 order, if only to dispel the parties' misunderstanding of its relevance. Under Rule 8-202(c), when a Rule 2-532, 2-533, or 2-534 post-judgment motion has been filed within ten days of the entry of an otherwise final judgment (or the entry of another appealable order), the time for filing a notice of appeal is tolled until 30 days after either the entry of a notice withdrawing the post-judgment motion or the entry of an order disposing of the motion. Md. Rule 8-202(c). A notice of appeal filed while a ten-day post-judgment motion is pending shall be treated as having been filed on the day the post-judgment motion is withdrawn or disposed of by the court. *Waters v. Whiting*, 113 Md. App. 464, 474 (1997).

Here, the plaintiffs' motion for reconsideration, filed within ten days of the entry of the May 23, 2013 order, had no impact on the time for filing a notice of appeal because the May 23, 2013 order was not a final judgment. The tolling effect of Rule 8-202(c) does not apply to a motion for reconsideration of a non-appealable interlocutory order, and has no bearing on the effectiveness of a notice of appeal filed while such a motion remains pending. *See Carr*, 135 Md. App. at 228 (filing of motion to alter or amend within ten days of a non-final judgment did not operate to save a notice of appeal filed within 30 days of that same judgment, but prior to the entry of the final judgment).

**APPEAL DISMISSED. COSTS TO BE PAID BY THE APPELLANTS.**

16