REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1140

September Term, 2013

BALTIMORE HOME ALLIANCE, LLC

v.

JACOB GEESING, *et al.*

Woodward,
Kehoe,
Arthur,

JJ.*

Opinion by Woodward, J.

Filed: August 1, 2014

*Meredith, Timothy E., J., did not participate in the Court's decision to report this opinion pursuant to Md. Rule 8-605.1.

Baltimore Home Alliance, LLC,[1] appellant, bought property located at 14704 Candy Hill Road, I/R/T/A 14702 Candy Hill Road, in Upper Marlboro, Maryland ("the Property") for $100,000 in a foreclosure sale from appellees, Jacob Geesing, Howard N. Bierman, and Carrie M. Ward, Substitute Trustees. Appellant paid a $27,000 deposit at the time of the sale. The Terms of Sale stated that, if appellant did not settle within ten days of the sale's ratification, the $27,000 deposit would be forfeited and the Property would be resold at appellant's risk and expense.

Appellant failed to settle within ten days of the sale's ratification, and appellees filed a Motion to Forfeit Deposit and Resell at Risk and Expense of Defaulting Purchaser ("Motion to Forfeit") in the Circuit Court for Prince George's County. On August 1, 2013, the circuit court granted appellees' motion in a written order that declared appellant's deposit forfeited and authorized the Property to be resold at appellant's risk and expense. On August 12, 2013, appellant filed this appeal, in which it presents one question for our review, which we have rephrased:[2] Did the circuit court err in granting appellees' Motion to Forfeit? For the reasons set forth below, we do not reach appellant's question, because the circuit court's order was not final and appealable, and thus the appeal must be dismissed.

_____

[1] The record reflects that during the proceedings in the circuit court, appellant was also referred to as Baltimore Home Wholesalers, LLC.

[2] Appellant's original question presented asked: May a court of equity forfeit entirely the deposit of a defaulting purchaser at foreclosure without regard to actual loss or damage?

## BACKGROUND

Sometime prior to August 2012, Marcus and Lisa Turner defaulted on the mortgage securing the Property. An Order to Docket Foreclosure was filed in the circuit court on August 3, 2012, and amended on August 24, 2012. A Final Loss Mitigation Affidavit was filed on October 9, 2012.

On December 13, 2012, an advertisement for the sale of the Property was placed in the Prince George's Post. The advertisement included the Terms of Sale, as well as the date, time, and place of sale. The Terms of Sale stated, in relevant part:

> If the purchaser fails to settle within 10 days of ratification, the Sub[stitute] Trustees may file a motion to resell the property. **If Purchaser defaults under these terms, deposit shall be forfeited. The Sub[stitute] Trustees may then resell the property at the risk and cost of the defaulting purchaser.** The defaulted purchaser shall not be entitled to any surplus proceeds resulting from said resale even if such surplus results from improvements to the property by said defaulted purchaser.

(Emphasis added).

On December 28, 2012, appellant purchased the Property from appellees at the foreclosure sale for $100,000. Appellant paid a deposit of $27,000, and signed a "Memorandum of Purchase at Public Auction," in which it agreed "to complete the purchase in accordance with said conditions in the advertisement."

On January 4, 2013, the sale was reported to the circuit court, which then ratified the sale in an order entered on March 20, 2013. Appellant did not settle within ten days of the sale's ratification.

2

On May 1, 2013, appellees filed the Motion to Forfeit in the circuit court, stating that appellant refused to go to settlement on the Property and requesting that the court order appellant's deposit be forfeited and the Property resold at appellant's risk and expense. On June 11, 2013, appellant filed a Response of Purchaser Baltimore Home Alliance, LLC to Motion of Substitute Trustees to Forfeit Deposit and Resell (the "Response"). The Response argued, among other things,[3] that a forfeiture of the purchaser's deposit and resale the Property at the purchaser's risk and expense would be in violation of the Maryland Rules and substantive Maryland law. Appellees filed a reply to the Response on July 1, 2013. Neither party requested a hearing.

By order dated August 1, 2013 ("Order"), the circuit court granted appellees' Motion to Forfeit. The Order stated, in relevant part:

> **ORDERED** that the deposit of $27,000.00 paid by the defaulting purchaser, Baltimore Home Wholesalers, LLC, shall be forfeited and the subject property may be resold at the risk and expense of the defaulting purchaser[.]

The Order was entered on August 7, 2013, and appellant appealed the Order on August 12, 2013.

The Property was resold at public auction on September 17, 2013, to SunTrust Bank for a sum of $193,800. The Report of Sale was filed on September 26, 2013, and ratified by

---

[3] Appellant also argued that the initial sale of the Property was invalid because it was "sold listing 2 addresses," and there was an acknowledgment problem with the Deed of Trust. Appellant has abandoned these arguments on appeal.

the circuit court on November 21, 2013. Appellant did not appeal from the order ratifying the second sale of the Property, and an auditor's report from the second sale has not been filed. Consequently, a preliminary issue before this Court, which we have raised *sua sponte*, is whether the circuit court's Order forfeiting appellant's deposit and authorizing the resale of the Property is a final, appealable order.

## STANDARD OF REVIEW

Although neither party addressed the finality of the Order forfeiting appellant's deposit and authorizing resale of the Property, we may raise the finality of the Order *sua sponte*. *Stuples v. Baltimore City Police Dep't*, 119 Md. App. 221, 241 ("Even absent any motion by the appellee, an appellate court may, *sua sponte*, raise the issue of non-finality and nonappealability at any time."), *cert. denied*, 349 Md. 495 (1998); *see also Smith v. Taylor*, 285 Md. 143, 147 (1979) ("[T]his Court will dismiss an appeal *sua sponte* when it notices that appellate jurisdiction is lacking."). The requirement that a party appeal from only a final judgment is a jurisdictional requirement. *Waters v. Whiting*, 113 Md. App. 464, 470, *cert. denied*, 345 Md. 237 (1997). Whether a judgment is final, and thus whether this Court has jurisdiction to review that judgment, is a question of law to be reviewed *de novo*. *See Shofer v. Stuart Hack Co.*, 107 Md. App. 585, 591 (1996).

## DISCUSSION

### *Final Orders—Courts & Judicial Proceedings § 12-301*

A party may appeal from a final judgment of the circuit court. Md. Code (2006, 2013

4

Repl. Vol.), § 12-301 of the Courts and Judicial Proceedings Article ("CJP"). To be considered a final judgment, an order must "determine *and conclude* the rights involved or . . . deny the appellant the means of further prosecuting or defending his or her rights and interests in the subject matter of the proceeding. Moreover, the ruling must leave nothing more to be done in order to effectuate the court's disposition of the matter." *Remson v. Krausen*, 206 Md. App. 53, 71-72 (2012) (alteration in original) (citations and internal quotation marks omitted). By contrast, an order "that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to the action . . . is not a final judgment[.]" Md. Rule 2-602(a). In the instant matter, the circuit court's Order neither determined the rights of the parties, nor did the Order "leave nothing more to be done in order to effectuate the court's disposition of the matter." *Remson*, 206 Md. App. at 72.

The Order did not determine the rights of the parties, because whether the deposit will actually be forfeited is unclear, and appellant retains the ability to assert its rights regarding the deposit upon the filing of the auditor's report on the resale of the Property. Although the Order required that appellant's deposit be forfeited, both parties have construed the word "forfeiture" in a manner that belies the true meaning of that word. Forfeiture is defined as:

> 1. The divestiture of property without compensation.
>
> 2. The loss of a right, privilege, or property because of a crime, breach of obligation, or neglect of duty. Title is instantaneously transferred to another, such as the government, a corporation, or a private person.
>
>                                              **\* \* \***
>
> 4. Something (esp. money or property) lost or confiscated by this

process; a penalty, fine, or mulct.

*Black's Law Dictionary* 765 (10th ed. 2014).

In contrast to the meaning of forfeiture set forth above, appellees suggested in their brief that appellant's deposit may be applied toward any actual damages that appellees suffer as a result of appellant's default on the first sale. Under this interpretation of a "forfeited" deposit, appellant's $27,000 is not lost or divested, but is instead held by appellees until such time that it may be applied to any actual damages sustained by appellees.[4] Because it is unclear how appellant's deposit will be used—whether it will be truly forfeited or will be applied to any actual damages or will be refunded, in whole or in part, to appellant – the final rights and obligations of both parties with regard to the deposit have not yet been determined.

In addition, appellant retains the ability to file exceptions to an auditor's report on the resale of the Property if it disagrees with the auditor's application of the deposit. The trial court would then rule on those exceptions, thereby finally determining how the deposit would be handled. Appellant thus has the continuing ability to assert its "'rights and interests in the subject matter of the proceeding.'" *Remson*, 206 Md. App. at 71 (quoting *Rohrbeck v. Rohrbeck*, 318 Md. 28, 41 (1989)).

Finally, the circuit court's Order created additional responsibilities for the parties,

---

[4] Even if appellees took the position that the Order required the deposit to be truly forfeited, the trial court would not be bound to follow that position, because the Order, as an interlocutory order, is always subject to revision by the trial court. *See Banegura v. Taylor*, 312 Md. 609, 618-19 (1988) (noting that interlocutory orders are "subject to revision within the general discretion of the trial court until a final judgment was entered on the claim").

6

rather than "'leav[ing] nothing more to be done in order to effectuate the court's disposition of the matter.'" *Remson*, 206 Md. App. at 72 (quoting *Rohrbeck*, 318 Md. at 41). Because the court authorized the Property to be resold, appellees were entitled to conduct a second foreclosure sale, which in turn obligated the court to consider whether to ratify that second sale. Consequently, the Order created further steps to be completed prior to disposition of the matter.

In sum, because of the undetermined fate of the deposit, appellant's continuing ability to assert its rights regarding the deposit, as well as the continuing foreclosure process, the Order at issue is not final. *See* Md. Rule 2-602(a) (an order that adjudicates less than an entire claim is not final). Accordingly, we lack jurisdiction to review appellant's appeal of the Order. *See* CJP § 12-301.

### *Appealable Interlocutory Orders—Courts & Judicial Proceedings § 12-303*

In general, "[a]n order that is not a final judgment is considered to be an interlocutory order and ordinarily is not appealable unless it falls within one of the statutory exceptions set forth in [CJP § 12-303]." *In re Samone H.*, 385 Md. 282, 298 (2005). The only relevant section of CJP § 12-303 to the issue before us is CJP § 12-303(3)(vi),[5] which states:

---

[5]Arguably CJP § 12-303(3)(v) could apply to the instant matter. That subsection allows a party to appeal from an interlocutory order that orders "the sale, conveyance, or delivery of real or personal property . . . ." In *Winkler Construction Co. v. Jerome*, 355 Md. 231, 245 (1999), the Court of Appeals held that an order establishing a lien, requiring that the property be sold if the lien was not paid by a specified date, and appointing a trustee to direct the sale upon such occurrence, was an appealable interlocutory order pursuant to CJP

(continued...)

7

A party may appeal from any of the following interlocutory orders entered by a circuit court in a civil case:

* * *

    (3)   An order:

* * *

    (vi) Determining a question of right between the parties and directing an account to be stated on the principle of such determination[.]

The circuit court's Order neither directed an account to be stated, nor did it determine the rights of the parties. As discussed above, because it is unclear whether the $27,000 deposit will be forfeited according to the legal definition of that term, the rights and obligations of the parties remain unresolved. Moreover, because the Property was resold for a greater amount than the first sale, it is unclear whether the deposit (1) will be forfeited in full, (2) will be applied to the costs of the second sale, with the balance applied to the outstanding debt, (3) will be applied to the costs of the second sale, with the balance returned to appellant, or (4) will be returned in full to appellant. Because no account was directed by

_____

[5](...continued)
§ 12-303(3)(v). The Court explained: "By reason of those additional provisions, which, on their face, were self-executing *without the need for further involvement by the court*, the order is appealable under [CJP] § 12-303(3)(v) . . . ." *Id.* (Emphasis added).

In the instant matter, the circuit court's Order authorized the resale of the Property, but the court's involvement with the Property and parties was not complete upon its issuance of the Order. Instead, after resale of the Property, the court must act to ratify the sale before the foreclosure sale is complete, as well as rule on any exceptions to the auditor's report. Thus, because the court's Order did not terminate the court's involvement in the sale of the Property, it cannot be appealed pursuant to CJP § 12-303(3)(v).

8

the court in the Order, nor did the Order determine relevant rights of the parties, the Order

is not appealable under CJP § 12-303.[6]

As noted above, an auditor's report has not been filed in the circuit court regarding

the resale of the Property, and thus both parties may still file exceptions to the auditor's

report regarding the disposition of the deposit. Once the auditor's report and any exceptions

to that report are adjudicated by the trial court, and a final determination is made regarding

appellant's deposit, both parties' rights and obligations in the instant matter will be settled.

*See Fetting v. Flanigan*, 185 Md. 499, 506 (1946) ("An order finally ratifying and confirming

an auditor's report and account is an order in the nature of a final decree from which an

appeal will lie."(internal quotation marks omitted)). If, at that time, either party is

dissatisfied with the result, a timely appeal may be taken to this Court. Until then, however,

we lack jurisdiction to consider the circuit court's Order forfeiting appellant's deposit from

the first sale and authorizing the resale of the Property at the risk and expense of appellant.

---

[6] Collateral orders may also be permitted as interlocutory appeals. *See Anne Arundel Cnty. v. Cambridge Commons*, 167 Md. App. 219, 228 (2005), *cert. denied*, 393 Md. 242 (2006). "The collateral order doctrine treats as final and appealable interlocutory orders that (1) conclusively determine the disputed question; (2) resolve an important issue; (3) resolve an issue that is completely separate from the merits of the action; and (4) would be effectively unreviewable on appeal from a final judgment." *Nnoli v. Nnoli*, 389 Md. 315, 329 (2005). The Order may not be construed as a collateral order, because the Order did not conclusively determine the question of whether appellant's deposit would in fact be forfeited, nor did the Order resolve an issue completely separate from the merits of the action. Therefore, the collateral order doctrine does not apply.

9

**APPEAL FROM THE ORDER OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY DATED AUGUST 1, 2013, AND ENTERED AUGUST 7, 2013, DISMISSED. APPELLANT TO PAY COSTS.**