*James McLaughlin, et al. v. Carrie M. Ward, et al.*, No. 1827, September Term 2017.
Opinion by Arthur, J.

**APPELLATE JURISDICTION – FINAL JUDGMENT RULE – EXCEPTIONS TO FINAL JUDGMENT RULE – APPEAL FROM ORDER DENYING EXCEPTIONS TO FORECLOSURE SALE**

Generally, parties may appeal only upon the entry of a final judgment. *See* Md. Code (1974, 2013 Repl. Vol.), § 12-301 of the Courts and Judicial Proceedings Article. "[A] ruling must ordinarily have the following three attributes to be a final judgment: (1) it must be intended by the court as an unqualified, final disposition of the matter in controversy[;] (2) unless the court acts pursuant to Maryland Rule 2-602(b) to direct the entry of a final judgment as to less than all of the claims or all of the parties, it must adjudicate or complete the adjudication of all claims against all parties; [and] (3) it must be set forth and recorded in accordance with Rule 2-601." *Metro Maint. Sys. South, Inc. v. Milburn*, 442 Md. 289, 298 (2015). An appellate court can raise the issue of finality on its own motion.

In a foreclosure case, a court does not enter a final judgment at least until it has ratified the foreclosure sale. *See Balt. Home Alliance, LLC v. Geesing*, 218 Md. App. 375, 383 & n.5 (2014). Moreover, if the court refers the matter to an auditor to state an account, as it may under Rule 14-305(f), it may not enter a final judgment until it has adjudicated any exceptions to the auditor's report. It follows that an order denying exceptions to a foreclosure sale is not a final judgment.

There are only three exceptions to the final judgment requirement: appeals from interlocutory orders specifically allowed by statute; immediate appeals permitted under Maryland Rule 2-602; and appeals from interlocutory rulings allowed under the common law collateral order doctrine. *Salvagno v. Frew*, 388 Md. 605, 615 (2005). None of the exceptions apply to an order denying exceptions to a foreclosure sale.

The statutory exception in § 12-303(3)(v) of the Courts and Judicial Proceedings Article does not apply, because an order denying exceptions to a foreclosure sale is not an order "[f]or the sale, conveyance, or delivery of real . . . property . . . or the refusal to rescind or discharge such an order." When a court denies exceptions to a foreclosure sale, it does not order that a sale or conveyance occur. To the contrary, the foreclosure sale will already have occurred before any exceptions are filed. The ruling on exceptions is part of the post-sale procedures in the Maryland Rules.

Rule 2-602(b) does not apply, because the circuit court did not expressly certify in a written order that there was no just reason to delay the entry of final judgment. Furthermore, even if the court had made the required certification, it would have been an

abuse of discretion to find no just reason to delay, because the conclusion of the foreclosure case for all parties was close at hand.

The collateral order doctrine does not apply for two reasons.  First, an order denying exceptions to a foreclosure sale is not completely separate from the merits of a foreclosure action.  Second, such an order is effectively reviewable on appeal from a final judgment in the foreclosure proceeding.

In this case, the appellant appealed before the entry of final judgment.  An appellate court acquires no jurisdiction over a premature appeal.  Consequently, the appeal must be dismissed.

Circuit Court for Baltimore County
Case No. 03-C-17-003847

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1827

September Term, 2017
_____

JAMES MCLAUGHLIN, ET AL.

V.

CARRIE WARD, ET AL., SUBSTITUTE
TRUSTEES
_____

Graeff,
Arthur,
Harrell, Glenn T., Jr.
  (Senior Judge, Specially Assigned),

JJ.
_____

Opinion by Arthur, J.
_____

Filed:  January 30, 2019


* Judge Timothy E. Meredith did not participate
in the Court's decision to designate this opinion
for publication pursuant to Md. Rule 8-605.1.

On January 21, 2015, a property was sold at a foreclosure sale, but the Circuit Court for Baltimore County declined to ratify the sale because of deficiencies in the affidavit of service. The trustees decided that they could not remedy the defects, so they dismissed the foreclosure case. Before the case was dismissed, however, the thwarted purchaser, appellant Dominion Rental Holdings, LLC ("Dominion"), made improvements to the property. Dominion took no action to challenge the dismissal or to assert a claim for reimbursement or for a credit for the improvements.

In a new foreclosure action, Dominion acquired rights in the property at a foreclosure sale on September 7, 2017, but it paid a higher price, allegedly because of the enhanced value attributable to the improvements that it had made. It filed exceptions to the sale and a motion to abate the purchase price, arguing that it should not be required to pay the increased cost.

In an order docketed on October 27, 2017, the court denied the exceptions and the motion to abate. Dominion promptly noted an appeal, without waiting for the ratification of the sale. It did not note another appeal after the ratification of the sale.

We must dismiss the appeal, because it is premature. Dominion noted the appeal before the entry of a final judgment, and no exceptions to the final judgment rule apply. Consequently, we lack appellate jurisdiction.

Generally, parties may appeal only upon the entry of a final judgment. *See* Md. Code (1974, 2013 Repl. Vol.), § 12-301 of the Courts and Judicial Proceedings Article. One of the necessary elements of a final judgment is that the order must adjudicate or complete the adjudication of all claims against all parties. *See*, *e.g.*, *Waterkeeper*

*Alliance, Inc. v. Maryland Dep't of Agric.*, 439 Md. 262, 278 (2014) (citing *Rohrbeck v. Rohrbeck*, 318 Md. 28, 41 (1989)); *Zilichikhis v. Montgomery County*, 223 Md. App. 158, 171-72 (2015). In other words, the judgment "must leave nothing more to be done in order to effectuate the court's disposition of the matter." *Rohrbeck v. Rohrbeck*, 318 Md. at 41.

"[A] ruling must ordinarily have the following three attributes to be a final judgment: (1) it must be intended by the court as an unqualified, final disposition of the matter in controversy[;] (2) unless the court acts pursuant to Maryland Rule 2-602(b) to direct the entry of a final judgment as to less than all of the claims or all of the parties, it must adjudicate or complete the adjudication of all claims against all parties; [and] (3) it must be set forth and recorded in accordance with Rule 2-601." *Metro Maint. Sys. South, Inc. v. Milburn*, 442 Md. 289, 298 (2015) (citing *Rohrbeck v. Rohrbeck*, 318 Md. at 41); *Maryland Bd. of Physicians v. Geier*, 225 Md. App. 114, 129-30 (2015).

"This Court has jurisdiction over an appeal when the appeal is taken from a final judgment or is otherwise permitted by law, and a timely notice of appeal was filed." *Doe v. Sovereign Grace Ministries, Inc.*, 217 Md. App. 650, 661 (2014). If we lack appellate jurisdiction, however, we must dismiss an appeal. *See* Md. Rule 8-602(b) (2019); *Zilichikhis v. Montgomery County*, 223 Md. App. at 172. "[W]e can raise the issue of finality on our own motion." *Zilichikhis v. Montgomery County*, 223 Md. App. at 172.

In a foreclosure case, a court does not enter a final judgment at least until it has ratified the foreclosure sale. *See Balt. Home Alliance, LLC v. Geesing*, 218 Md. App. 375, 383 & n.5 (2014); Md. Rule 14-305(e); *see also Hughes v. Beltway Homes, Inc.*, 276

2

Md. 382, 384 (1975) (stating that an order ratifying a foreclosure sale is a judgment because it is an order of the court final in its nature). Moreover, if the court refers the matter to an auditor to state an account, as it may under Rule 14-305(f), it may not enter a final judgment until it has adjudicated any exceptions to the auditor's report. *See Balt. Home Alliance, LLC v. Geesing*, 218 Md. App. at 383 n.5.

This case illustrates why the final judgment in a foreclosure proceeding does not occur at least until the court ratifies the sale. Here, Dominion acquired an inchoate equitable interest in the property in the first foreclosure sale, and there were either no exceptions or no successful exceptions to that sale. Yet the court declined to ratify the first sale because of defects unrelated to the sale itself – problems with service at the outset of the case, which the trustees determined to be incurable. Had the court declined to ratify the second sale after Dominion appealed from the denial of its exceptions, the appeal would have become completely superfluous: it would make no difference whether the court erred or abused its discretion in denying Dominion's exceptions if the court ultimately declined to ratify the sale on other, different grounds.

Furthermore, if the final judgment in a foreclosure proceeding could occur before the court ratifies the sale, there could be more than one final judgment in a single proceeding. It is conceivable that more than one party could file exceptions to the foreclosure sale: for example, both a homeowner and a junior lienholder might file exceptions. Yet, if the court ruled separately on each exception, and if the denial of each of the exceptions were considered to be a final, appealable judgment, then both of the exceptants could take their own, separate appeal. That result would obviously be in some

tension with "Maryland's long-established policy against piecemeal appeals."

*Waterkeeper Alliance, Inc. v. Md. Dep't of Agric.*, 439 Md. at 278.

As of the date of Dominion's appeal in this case, the circuit court had neither ratified the foreclosure sale, nor referred the matter to an auditor, nor adjudicated any exceptions to an auditor's report. Dominion, therefore, has taken a premature appeal, before the entry of a final judgment. Because we acquire no appellate jurisdiction over a premature appeal (*see Doe v. Sovereign Grace Ministries, Inc.*, 217 Md. App. at 662), we must dismiss the appeal unless some exception to the final judgment rule applies.[1]

"[T]here are only three exceptions to that final judgment requirement: appeals from interlocutory orders specifically allowed by statute; immediate appeals permitted under Maryland Rule 2-602; and appeals from interlocutory rulings allowed under the common law collateral order doctrine." *Salvagno v. Frew*, 388 Md. 605, 615 (2005). None of the exceptions apply.

The statutory exceptions are found in § 12-303 of the Courts and Proceedings Article, which authorizes an appeal from an array of interlocutory orders in cases in which an appellant's rights might be lost or irreparably damaged if he or she is unable to challenge an erroneous ruling until after the entry of a final judgment. *See Frase v.*

---

[1] Dominion cannot invoke Rule 8-602(d), which can save a premature appeal if the appellant notes an appeal after the court announces a ruling that would terminate the action, but before the ruling is entered on the docket. Rule 8-602(d) might save the appeal in this case if Dominion had noted its appeal after the court announced that it intended to ratify the sale or to approve an auditor's report, but before that ruling was entered on the docket. Dominion noted its appeal, however, well before the court announced its ruling on any such issue.

4

*Barnhart*, 379 Md. 100, 117 (2003). Among other things, § 12-303 authorizes interlocutory appeals from orders granting, dissolving, or denying certain injunctions; from certain orders appointing a receiver; from orders depriving a parent, grandparent, or guardian of the care and custody of a child; from orders granting a petition to stay an arbitration proceeding; and from orders denying certain claims of statutory immunity. At oral argument, Dominion asserted that its appeal fell within § 12-303(3)(v), which authorizes an appeal from an interlocutory order "[f]or the sale, conveyance, or delivery of real . . . property . . . or the refusal to rescind or discharge such an order[.]"

A court enters an order for "[f]or the sale, conveyance, or delivery of real . . . property" when, for example, it establishes a mechanic's lien, orders the property to be sold if the lien is not paid by a date certain, and appoints a trustee to conduct the sale. *Winkler Construction Co. v. Jerome*, 355 Md. 231, 245 (1999). A court also enters an order for "[f]or the sale, conveyance, or delivery of real . . . property" when it appoints a trustee to conduct a sale in lieu of partition of property owned by tenants in common. *Morgan v. Morgan*, 68 Md. App. 85, 92 (1986); *see also Standish Corp. v. Keane*, 220 Md. 1, 6 (1959) (stating that an order that rescinds the ratification of a trustee's sale, directs a return of a deposit, and requires the trustee to resell the property "is in the nature of a final decree"); *Pollekoff v. Blumenthal*, 83 Md. App. 85, 92 (1990) (same).

These cases demonstrate that an order "[f]or the sale, conveyance, or delivery of real . . . property" necessarily entails an order requiring that property be sold. A court, however, does not order that property be sold when it denies exceptions to a foreclosure sale. To the contrary, under our current procedures, the foreclosure sale will already have

5

occurred when a party files exceptions. *See* Md. Rule 14-215(a) (stating that "[t]he procedure following a [foreclosure] sale . . . shall be as provided in Rules 14-305 and 14-306"); Md. Rule 14-305(d) (listing exceptions to the sale among the procedures following a sale). Because a court does not consider exceptions to a sale until after the sale has actually occurred, an order denying exceptions to a foreclosure sale cannot possibly be an order "[f]or the sale, conveyance, or delivery of real . . . property" under § 12-303(3)(v).

The second possible basis for an appeal, Rule 2-602(b), is an exception to the general rule that an order that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to the action, is not a final judgment; does not terminate the action as to any of the claims or any of the parties; and is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties. *See* Md. Rule 2-602(a). Under Rule 2-602(b):

> If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:
>
> (1) as to one or more but fewer than all of the claims or parties; or
>
> (2) pursuant to Rule 2-501 (f)(3), for some but less than all of the amount requested in a claim seeking money relief only.

We assume for the sake of argument that, in denying Dominion's exceptions to the foreclosure sale and its motion to abate the purchase price, the court disposed of all matters pertaining to one of the several parties to the proceeding – Dominion. Thus we assume for the sake of argument that the order denying the exceptions and the motion to abate might fall within the scope of Rule 2-602(b), because it pertains to "one or more

6

but fewer than all of the . . . parties." Even so, Rule 2-602(b) would not authorize an immediate appeal in this case, because the court did not expressly determine in a written order that there was no just reason to delay the entry of a final judgment as to Dominion. *See Miller Metal Fabrication, Inc. v. Wall*, 415 Md. 210, 221 (2010) (quoting Md. Rule 2-602(b)) ("[a]bsent an 'express determination that there is no just reason for delay,' an order directing the entry of a final judgment pursuant to Rule 2-602(b) is invalid").

Furthermore, even if the court had made the required certification, it would probably have abused its discretion, because a court could not find the absence of any "just reason" to delay the entry of a final judgment as to one party when the ratification of the sale, and thus the end of the case for all parties, was close at hand. It would be completely inconsistent with Maryland's strong policy against piecemeal appeals to delay the imminent conclusion of this foreclosure proceeding to allow Dominion to pursue an immediate appeal of the order denying its exceptions and its motion to abate the purchase price. It would also be inconsistent with the policy against piecemeal appeals to allow Dominion to take an appeal that might become moot if the court, for some other reason, ultimately declined to ratify the sale. *See Canterbury Riding Condo. v. Chesapeake Investors, Inc.*, 66 Md. App. 635, 653 (1986) (in reviewing the propriety of certification under Rule 2-602(b), "[a] factor to be considered is that the determination of the remaining count before the trial court might utterly moot the need for the review now

being sought").  Dominion, therefore, cannot rely on Rule 2-602(b) as a basis for its interlocutory appeal.[2]

The third and final possible basis for an interlocutory appeal is the collateral order doctrine, a "very narrow exception" to the final judgment rule.  *See*, *e.g*., *Dawkins v. Baltimore City Police Dep't*, 376 Md. 53, 58 (2003).  "To qualify as a collateral order, a ruling must satisfy four criteria: '(1) it must conclusively determine the disputed question; (2) it must resolve an important issue; (3) it must be completely separate from the merits of the action; and (4) it must be effectively unreviewable on appeal from a final judgment.'"  *Maryland Bd. of Physicians v. Geier*, 225 Md. App. at 131 (quoting *Addison v. Lochearn Nursing Home, LLC*, 411 Md. 251, 285 (2009)).  The ruling in question in this case fails to satisfy at least two of these criteria.

First, the denial of the exceptions to the foreclosure sale and the motion to abate the purchase price is not completely separate from the merits – i.e., it is not "collateral." To the contrary, the exceptions and the motion to abate go to the very heart of the foreclosure proceeding: how much Dominion should have to pay for the property that it bought at the foreclosure sale.[3]

---

[2] Because the circuit court could not properly exercise its discretion to certify its ruling as final under Rule 2-602(b), we too are foreclosed from exercising our discretion under Rule 8-602(g) to save the premature appeal.

[3] *Compare Abney v. United States*, 431 U.S. 651, 659-62 (1977) (order denying motion to dismiss criminal charges on the ground that defendant had previously been placed in jeopardy for same offense was completely separate from merits of criminal case); *Md. Bd. of Physicians v. Geier*, 451 Md. 526, 550-51 (2017) (order imposing sanctions against agency for asserting deliberative privilege was completely separate from merits of action against agency); *Ehrlich v. Grove*, 396 Md. 550, 571-72 (2007)

8

Second, the denial of the exceptions to the foreclosure sale and the motion to abate the purchase price was effectively reviewable on appeal from a final judgment, as evidenced by the cases in which parties have successfully sought and obtained appellate review of a ruling on exceptions after the ratification of the sale. *See*, *e.g.*, *Thomas v. Nadel*, 427 Md. 441, 449 (2012); *Bates v. Cohn*, 417 Md. 309, 318 (2010); *Hobby v. Burson*, 222 Md. App. 1, 3, 7-8 (2015); *Jones v. Rosenberg*, 178 Md. App. 54, 59 (2008).

In general, a decision is effectively unreviewable on appeal only if a party's rights would be lost or seriously impaired if it were required to wait for the entry of a final judgment before obtaining appellate review. *See generally Bunting v. State*, 312 Md. 472, 478-80 (1988). In this case, however, the final judgment was nigh at the time when Dominion took its premature appeal. An appellate court would have been no less able to grant full relief in an appeal after the ratification of the foreclosure sale than it would have been after the denial of Dominion's exceptions and its motion to abate.

In summary, Dominion appealed before the entry of the final judgment, which would not occur at least until the ratification of the foreclosure sale. Hence Dominion's appeal is premature. It could have preserved its appeal by filing a second, protective notice of appeal after the entry of the final judgment, but it did not. None of the exceptions to the final judgment rule operate to save the premature appeal. Therefore we lack jurisdiction and must dismiss the appeal.

---

(order rejecting Governor's claim of executive privilege was completely separate from merits of action against Governor); *Mandel v. O'Hara*, 320 Md. 103, 134 (1990) (order rejecting Governor's absolute immunity from suit that challenges exercise of veto power was completely separate from merits from action against Governor).

9

**APPEAL DISMISSED.  APPELLANT TO
PAY ALL COSTS.**